IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



BRADLEY AND KRISTAN STUBBLEFIELD, husband and wife     PLAINTIFFS

VS.     CIVIL ACTION NO. 3:15cv18 HTW-LRA

SUZUKI MOTOR CORPORATION,     DEFENDANTS
a foreign corporation;
SUZUKI MOTOR OF AMERICA INC.
a corporation;
NISSIN KOGYO CO., LTD,
a limited liability company,
XYZ Corporations 1-5

## COMPLAINT
## JURY TRIAL DEMANDED

COME NOW Plaintiffs, Bradley Stubblefield and Kristan Stubblefield by and through counsel, and files this their *Complaint* against Defendants, Suzuki Motor Corporation, Suzuki Motor of America Inc., Nissin Kogyo Co., LTD, and XYZ Corporations 1-5 and in support of said claim would show the following facts and matters, to-wit:

### THE PARTIES

1. Plaintiffs, Bradley and Kristan Stubblefield, husband and wife are adult resident citizens of Madison County, Mississippi.

2. Defendant, Suzuki Motor Corporation, (hereinafter "SMC") is a foreign corporation doing business in the State of Mississippi, whose principal place of business is 300 Takatsuka-cho, Minami-ku Hamamatsu-shi, SZK 432-8611 Japan, and may be served

with process pursuant to Fed. R. Civ. P. 4.

3. Defendant, Suzuki Motor of America Inc., (hereinafter "SMAI") is a California corporation doing business in the State of Mississippi, and has designated CT Corporation System 645 Lakeland East Drive, Suite 101 Flowood, MS 39232, as its lawful agent for process.

4. Defendant, Nissin Kogyo Co., LTD, (herinafter "Nissin") is a foreign corporation doing business in the State of Mississippi, whose principal place of business is 840 Kokubu, Ueda-shi, Nagano-ken, 386-8505, Japan, and may be served with process pursuant to Fed. R. Civ. P. 4.

5. Defendants, XYZ Corporations 1-2, whose names are unknown to Plaintiff, are believed to be an entity, corporation, predecessor and/or successor corporation doing business in the State of Mississippi that manufactured, designed, assembled, tested, supplied, imported, distributed, and/or sold the subject motorcycle.

6. Defendants, XYZ Corporations 3-5, whose names are unknown to Plaintiff, is believed to be a foreign entity, corporation, predecessor and/or successor corporation doing business in the State of Mississippi that manufactured, designed, assembled, tested, supplied, imported, distributed and/or sold the subject piston, master cylinder components, and materials.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28

U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

8. This Court has personal jurisdiction over the parties because the Defendants have sufficient minimum contacts with this State so as not to offend the due process clauses of the 5th and 14th Amendments to the United States Constitution. Additionally, Mississippi's Long Arm Statute, Miss. Code Ann. § 13-3-57, is satisfied because, *inter alia*, the Defendants have committed a tort in whole or in part against a resident of this State, and because the Defendants conduct business in this State.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in Madison County, Mississippi within the Southern District of Mississippi, Jackson Division.

## FACTUAL BACKGROUND

10. On or about January 12, 2012, Plaintiff Bradley Stubblefield was operating his 2006 GSXR1000 Suzuki motorcycle, vin #JS1GT76A462101760 ("subject motorcycle") in Madison County, Mississippi. As Brad approached an intersection on-ramp curve, the subject motorcycle failed to stop due to a defective front master cylinder and braking system and/or other defects. Said defects caused the subject motorcycle to experience an increased stopping distance. As a result, Brad was unable to safely stop the motorcycle before leaving the roadway and crashing into a ditch causing serious personal injuries, including permanent paraplegia.

11. Defendant SMAI directly or through its agents, apparent agents, employees, servants, and/or predecessor companies: designed, manufactured, tested, marketed, advertised, imported, distributed, promoted, and/or sold Suzuki motorcycles in the United States, including the subject motorcycle. Alternatively, Defendant, SMAI, is a successor corporation, de facto merger, mere continuation, and/or alter ego to the entity, American Suzuki Motor Corporation, and is therefore liable for injuries and damages caused by the defective nature of the subject motorcycle pursuant to well-established principles of successor liability.

12. Defendant SMC directly or through its agents, apparent agents, employees, and/or servants: designed, manufactured, tested, marketed, advertised, exported, distributed, promoted, and/or sold Suzuki motorcycles in the United States, including the subject motorcycle.

13. Defendant Nissin directly or through its agents, apparent agents, employees, and/or servants: designed, manufactured, tested, marketed, advertised, distributed, promoted, placed into the stream of commerce, and/or sold to SMC and SMAI motorcycle parts, including the front brake master cylinder, master cylinder components, and other parts installed on Suzuki motorcycles and the subject motorcycle.

14. Defendants had actual notice and knowledge of braking problems with Suzuki motorcycles as early as May of 2009. Defendants conducted an investigation and determined that numerous malfunctioning motorcycles contained gas in the front brake cylinder caused

by a corrosion in the front brake master cylinders. Defendants found that the corrosion starts between the brake piston and return spring due to insufficient surface treatment of the piston which reacts with brake fluid thereby generating gas in the front master cylinder. Defendants found that the gas remained in the front brake master cylinder because the return port to the reservoir tank is opened to the side position which prevents the generated gas from being purged from the master cylinder. Defendants further found that the presence of said gas causes the front lever brake to reduce brake performance and braking power.

15.     On October 18, 2013, Defendants SMC and SMAI notified the National Highway Traffic Safety Administration of the subject defect and issued a recall for 210,228 Suzuki motorcycles, including the subject motorcycle.

16.     At the time of the subject accident on January 12, 2012, the subject motorcycle was in a defective and dangerous conditions by reason of the defects of the master cylinder as outlined above, as well as other defective conditions.

17.     Defendants failed to timely repair and/or notify Plaintiffs of the subject defects which would have prevented the subject accident and resulting injuries.

18.     Defendants are therefore liable for injuries and damages caused by the defective nature of the subject motorcycle and braking system.

## STRICT LIABILITY

19.     Plaintiffs hereby incorporate and reallege each and every paragraph hereinabove as if fully set forth below.

20. Pursuant to Miss. Code Ann. §11-1-63, Plaintiffs would show that the subject motorcycle which was designed, manufactured, tested, inspected, assembled, marketed, advertised, distributed, promoted, imported, and/or sold by Defendants was defective and unreasonably dangerous and therefore Defendants are strictly liable.

21. At the time the subject motorcycle left Defendants' control, the motorcycle and its braking system was defective and unreasonably dangerous due to design and/or manufacturing defects, including, but not limited to, the uneven application of coating applied to the surface of the piston which allowed corrosion to occur creating gas within the front master cylinder braking system.

22. Further, the front brake master cylinder and its components were defective and unreasonably dangerous due to the defective design of the side location of the return port to the reservoir tank which did not allow for the adequate purging of gas from the master cylinder.

23. At the time the subject motorcycle left Defendants' control, Defendants knew or should have known of the dangers of the defective braking system causing the decrease of braking performance resulting in injury or death. Defendants are further strictly liable to Plaintiffs for the failure to provide adequate warnings or instructions of the dangers, risks, and/or hazards of said product.

24. Defendants' defective manufacture, design and failure to warn rendered the subject motorcycle defective and unreasonably dangerous and is the proximate cause of

Plaintiffs' injuries.

25. At the time the subject motorcycle left the Defendants' control, there existed a feasible design alternative that would, to a reasonable degree of probability, have prevented Plaintiffs' injuries without unreasonably impairing the utility, usefulness, practicality or desirability of the product. Among other designs, a redesigned front brake master cylinder with the reservoir port properly located to allow better purging of gas and uniform surface treatment on the master cylinder piston to prevent corrosion of the brake piston constitutes such a feasible design alternative.

## NEGLIGENCE

26. Plaintiffs hereby incorporate and reallege each and every paragraph hereinabove as if fully set forth below.

27. Defendants were negligent and/or grossly negligent in the design, manufacture, marketing, advertising, distributing, promoting, importing, and selling of the subject motorcycle and its braking system.

28. Defendants knew or should have known of the dangerous and defective condition of the subject motorcycle due to the defective design and/or manufacture of the master cylinder, including but not limited to, the uneven application of the surface of the piston which allowed corrosion to occur, thereby generating gas in the master cylinder; as well as the defective design of the return port, therefore decreasing the performance of the braking system.

29. Defendants further failed to properly assemble, supervise, oversee, process, inspect, and test the subject braking system and its components for corrosion, the generation of gas, and the purging of gas in the braking system.

30. As a proximate result of Defendants' negligent acts and omissions, Plaintiffs have been severely injured as more fully set forth herein.

## NEGLIGENT FAILURE TO WARN

31. Plaintiffs hereby incorporate and reallege each and every paragraph hereinabove as if fully set forth below.

32. Defendants knew or should have known of the dangers created by the defective braking system and were negligent and/or grossly negligent in failing to adequately warn of the dangers, risks, and/or hazards of defective braking system. Defendants failed to provide adequate warnings, including, but not limited to, warnings regarding the dangers of the braking system failure; the dangers of the brake master cylinder failure; gas generated by corrosion of the brake piston; the dangers of increased stopping distances; and/or the risk of an injury resulting from improper design and/or manufacture of the master cylinder.

33. Defendants further failed to timely identify the defective braking condition; failed to evaluate Suzuki braking complaints; failed to timely issue a recall campaign; and failed to conduct sufficient post-marketing efforts to adequately warn or otherwise prevent such injuries.

34. Said failure to provide adequate warnings and/or timely notify Plaintiffs of the braking defect rendered the subject motorcycle unreasonably dangerous and proximately caused Plaintiffs' injuries as more fully set forth herein.

## BREACH OF WARRANTY

35. Plaintiffs hereby incorporate and reallege each and every paragraph hereinabove as if fully set forth below.

36. Defendants are liable for the breach of implied and express warranties of merchantability and fitness for a particular purpose with regard to the quality and safety of motorcycles equipped with said brake defect, including the subject motorcycle.

37. Defendants further expressly or impliedly warranted the subject motorcycle to be free from defects or deficiencies in materials or workmanship.

38. As a direct and proximate result of Defendants' breach of warranties, Plaintiffs suffered injuries as more fully set forth herein.

## DAMAGES

39. Plaintiffs hereby incorporate and reallege each and every paragraph hereinabove as if fully set forth below.

40. As a direct and proximate result of the Defendants' acts and omissions set forth above, as well as other wrongful conduct Plaintiff Brad Stubblefield suffered injuries, including, but not limited to: paralysis; disfigurement; mental anguish; loss of enjoyment of life; severe bodily injuries; past and future medical expenses; past, present, and future pain

and suffering; past, present, and future lost wages; loss of earning capacity; permanent disability; permanent impairment; emotional distress, and other compensatory damages available at law.

41. As a direct and proximate result of the Defendants' acts and omissions set forth above, as well as other wrongful conduct Plaintiff Kristan Stubblefield as the lawful wife of Plaintiff Brad Stubblefield suffered injuries, including, but not limited to, loss of consortium, loss of companionship, affections, society, services, and other aspects of her marital relationship with Plaintiff Brad Stubblefield.

## PUNITIVE DAMAGES

42. Defendants acted with actual malice and/or gross negligence which evidences a willful, wanton, or reckless disregard for Plaintiffs' rights which entitles Plaintiffs to an award of punitive damages and attorney fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a trial by jury, and pray that their *Complaint* be received and filed, and that this Court would grant them the relief requested herein, and further enter judgment of, from, and against Defendants, jointly and severally, to adequately compensate Plaintiffs for their damages, together with punitive damages, costs, reasonable attorney fees, prejudgment interest, post-judgment interest, and for any other relief provided by law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby requests a trial by jury of all issues triable by jury in this matter.

RESPECTFULLY SUBMITTED this the 9th day of January, 2015.

                        BRAD STUBBLEFIELD
                        KRISTAN STUBBLEFIELD

                        BY: /s/ Malouf Jr.
                              Attorney for Plaintiffs

MICHAEL J. MALOUF, SR., ESQ.
MSB NO. 1843
MICHAEL J. MALOUF, JR., ESQ.
MSB NO. 10466
Malouf & Malouf
501 E. Capitol Street
Jackson, MS 39201
(601) 948-4320