IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


BRADLEY AND KRISTAN STUBBLEFIELD, husband and wife          PLAINTIFFS


VS.                                             CIVIL ACTION NO. 3:15cv18HTW-LBA


SUZUKI MOTOR CORPORATION,                                      DEFENDANTS
a foreign corporation;
NISSIN KOGYO CO., LTD
a limited liability company;

### PLAINTIFFS' RESPONSE TO SUZUKI AND NISSIN'S MOTION FOR PROTECTIVE ORDER

COME NOW Plaintiffs, Bradley Stubblefield and Kristan Stubblefield, by and through counsel and file this their *Plaintiffs' Response to Suzuki and Nissin's Motion For Protective Order,* and in support thereof would show the following:


### I.

Defendants', Suzuki and Nissin, discovery responses were originally due on or about January 22, 2016.  Plaintiffs agreed to various extensions whereby Suzuki responses to *Plaintiffs Request for Production of Documents* were due February 17, 2016 and  Nissin's responses were due February 22, 2016.  On February 17, Defendants requested for the first time that a Protective Order be entered prior to producing any discoverable documents. Defendants proposed  Protective Order did not contain a "Sharing Provision" which would allow Plaintiffs to share such documents and information with other plaintiffs in the same

litigation against Suzuki and Nissin.  On March 11, 2016, Defendants filed the subject *Motion for Protective Order*.

## II.  Factual Background

In 2012, Plaintiff was involved in a serious motorcycle accident due to defective brakes on the subject 2006 Suzuki GSX-R1000 Motorcycle.  Suzuki subsequently issued a recall on the braking system on its 2004-2013 GSX motorcycles.  Several of these Suzuki motorcycles have experience similar accidents due to the recalled defective braking system, which have resulted in litigation in other jurisdictions.

Defendants have identified five (5) collateral cases stemming from the recalled defective braking system.  Plaintiffs' counsel has also spoken with several of the attorneys representing the plaintiffs in these collateral cases.  However, Defendants' proposed Protective Order seeks to severely limit Plaintiffs' ability to openly discuss the subject litigation with other attorneys and experts.   Said similar lawsuits include:

(1) Derek Schall vs. Suzuki & Nissin (Kentucky)

(2) Adrian Johns vs. Suzuki & Nissin (Georgia)

(3) Scott Winckler vs. Suzuki & Nissin (Florida)

(4) Brian Knowles vs. Suzuki & Nissin (Texas)

(5) Jules Bacon vs. Suzuki & Nissin (Pennsylvania)

In a few of the above cases, Defendants Suzuki and Nissin have already produced over 98,000 documents related to the recalled defective braking system.  Approximately

90% of said documents are written in Japanese.

### III.  Defendants Have Failed to Show Need for Protective Order

In the subject case, Defendants have refused to produce any documents and have not

identified any specific documents it believes are confidential.  Pursuant to Federal Rules of

Civil Procedure 26(c), protective orders should be granted only if the moving party

1) establishes that specific information to be covered by the order falls within protected

categories and then 2) demonstrates that disclosure will be harmful. *Iowa Beef Processors,*

*Inc. v. Bagely*, 601 F.2d 949, 952 n.5 (8th Cir. 1979); *Centurion Indus., Inc. v. Warren*

*Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981).

In *General Dynamics*, the Eighth Circuit Court of Appeals stated "Fed. R. Civ. P.

26(c) requires that 'good cause' be shown for a protective order to be issued. The burden is

therefore upon the movant to show the necessity of its issuance, which contemplates 'a

particular and specific demonstration of fact, as distinguished from stereotyped and

conclusory statements....'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th

Cir. 1973), citing WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: CIV SEC.

§2035, 264-65.

Those who seek to avoid disclosure of commercial information by a protective order

bear a heavy burden of demonstrating that disclosure will work a clearly defined and very

serious injury. *Citicorp v. Interbank Card Assoc.*, 478 F. Supp 756, 765 (D.C. N.Y. 1979).

A protective order inhibiting liberal discovery must be issued only on a specific showing that

the information is such that its disclosure should be restricted and that the party disclosing

it will be harmed by disclosure. *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405,409 (D.C.

N.Y. 1973). For instance, courts have held that an attorney's affidavit which merely alleges

that discovery will reveal a secret formula or trade secrets is insufficient to warrant a

protective order. *Rosenblatt v. Northwest Airlines, Inc.*, 54 F.R.D. 21, 23 (D.C. N.Y. 1971).

The burden of persuasion to prove that information deserves protection rests upon the

party seeking the protective order.  Defendants will not be prejudiced by this Court's

insistence that it demonstrate, with specificity, that material it claims is trade secret and

proprietary meets the definition of Miss. Code Ann. 75-26-3(d) and qualifies for protection

under Federal Rules of Civil Procedure 26(c). The Mississippi Code Annotated sets forth the

elements to determine whether information, including a formula, pattern, compilation,

program, device, method, technic or process is considered a "trade secret" under Mississippi

law.  Only upon meeting those requirements will an appropriate protective order be possible.

Further, only upon meeting those requirements will Plaintiffs and this Court be assured that

Defendants are not claiming privilege or protection when none exists.


### IV.  Plaintiffs Object to a Blanket Protective Order

Plaintiffs further object to the proposed overly broad, unlimited, "blanket" type

protective order, in that said order is not in the interest of justice.  Further, it grants

Defendants a unilateral, carte blanche approach to designating "any document" which they

produce "confidential information," by stamping it "Confidential Information," without the

required "for good cause shown."  See *AETNA Cas. Ins. Co. v. George Hyman Const. Co.*, 155 F.R.D. 113, 115-16 (D.C. Pa. 1994)(Proposed stipulation which would allow each party to designate documents as "confidential" did not meet requisite good cause standard of the discovery rule; parties failed to show with specificity that disclosure would cause defined and serious injury upon a party or that there was a need to protect a party or third persons from annoyance, embarrassment, or oppression; and the method by which documents were to be afforded protection, i.e. each party self selecting documents resulted in judicial discretion yielding to private judgment).

"Blanket" type protective orders do not protect the public interest. The Sixth Circuit Court of Appeals has held that a blanket protective order granting confidentiality to all documents which the parties deemed confidential was improper. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).  In that case, the Sixth Circuit noted that the district court could not properly abdicate its responsibility to oversee the discovery process. See also *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943,944 (7th Cir. 1999)(District court went too far in accepting the parties' stipulation that all materials they deemed confidential should be filed under seal. District judge has the responsibility to make a good cause determination about such protection under its order); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 505-06 (D.C. N.Y. 1999)(Proposed stipulated protective order failed to adequately protect the public's interest in accessing judicial documents and monitoring the federal courts. As a result, good cause did not exist to approve such an order. The proposed order would have covered all discovery material or trial

testimony and evidence. It would have permitted sealing so long as the party believed "in good faith" that it contained proprietary information.); See also, Arthur R. Miller, *Confidentiality, Protective Order and Public Access to Courts*, 105 Harv. L. Rev. 427, 492 (1991)("Judges must guard against any notion that the issuance of protective orders is routine, let alone automatic, even when the application is supported by all the parties.")

### V.  In the Alternative, a Sharing Agreement is Required

In the alternative, should this Court find Defendants are entitled to a protective order, then a sharing agreement is appropriate.  A sharing agreement will ensure that the five (5) collateral cases, future litigants stemming from the recalled defective braking system and courts will have the benefit of the discovery conducted in this particular case.  Otherwise, plaintiffs and other courts will be forced to duplicate many months of work, conduct numerous hearings and review hundreds of pages of discovery materials, which amounts to time and resources already expended by another plaintiff or another judge. A sharing agreement makes the administration of justice more efficient and is consistent with the spirit of the Federal Rules of Civil Procedure to foster the just, speedy, and inexpensive determination of every civil action.

Many courts favor access to discovery conducted by other parties in collateral or similarly situated litigation.  Any other result would require that "each litigant who wishes to ride a taxi to court must undertake the expense of inventing the wheel." *Ward v. Ford Motor Co.*, 93 F.R.D. 579, 580 (D. Colo. 1982). See also *Wauchop v. Domino's Pizza, Inc.*,

138 F.R.D. 539, 546-47 (D. Ind. 1991)(Federal Rules of Civil Procedure should be construed to foster the just, speedy, and inexpensive determination of every civil action....collaborative use of discovery material fosters that purpose.); *Baker v. Ligett Group, Inc*., 132 F.R.D. 123, 126 (D. Mass 1990)(To routinely require every plaintiff to go through a comparable, prolonged and expensive discovery process would be inappropriate.); *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 154 (W.D. Tex. 1980)(The sharing of discovery information between plaintiffs may reduce time and money which must be expended in similar proceedings, and allows for effective, speedy, and efficient representation.); *Cipollone v. Liggett Group, Inc.*, 113 F.R.D. 86, 87 (D. N.J. 1986)(Maintaining a high cost of litigation for future adversaries is not a proper purpose under Rules 1 or 26.); *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1301 (7th Cir. 1980)(That the expense of litigation deters many from exercising that right is no reason to erect gratuitous road blocks in the path of a litigant who finds a trail blazed by another.); *U.S. v. Hooker Chems. & Plastics Corp.*, 90 F.R.D. 421, 426 (W.D. N.Y. 1981)(Use of discovery fruits disclosed in one lawsuit in connection with other litigation and even in collaboration among plaintiffs' attorneys, comes squarely within the purposes of Federal Rules of Civil Procedure.); *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1131 ) (9th Circ. 2003)(This court strongly favors access to discovery materials to meet the needs of parties in collateral litigation.)

## VI. Limited Sharing Provision is Required for Plaintiff
## to Adequately Prepare their Case.

A sharing agreement in this case is required so Plaintiffs can adequately prepare their case. It is anticipated that Suzuki and Nissin will produce over 98,000 documents related to the recalled defective braking system. A majority of said documents are written in Japanese and will require a translation to English. In the absence of the ability to compare discovery and share the cost of translation, it will be impossible to review Defendants' discovery.

Additionally, several of the five (5) collateral cases may share Plaintiffs' experts. A protective order without a sharing agreement will place an undue burden on Plaintiff's experts to identify, determine, and separate what information he/she obtained from each separate case. Plaintiffs' experts would run afoul of violating the proposed protective order if he discussed knowledge obtained from documents produced in another case.

Therefore, Plaintiffs respectfully request that a limited sharing provision be included in any protective order allowing Plaintiffs to share discovery in this case with the attorneys representing the five (5) collateral cases involving the recalled defective braking system currently against Defendants. "Where reasonable restrictions on collateral disclosures will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted. *Foltz v. State Farm Mut. Auto.*, 331 F.3d 1122, 1132 (9th Cir. 2003) (emphasis added).

## VII.  No Prejudice to Defendants

Defendants cannot show how it will be prejudice by a sharing agreement with the five (5) collateral cases.  The five (5) collateral cases all involve the same Defendants. They involve the same recalled defective braking system. They also involve the same approximately 98,000 documents related to the recalled defective braking system.

Defendants cannot claim the subject documents will be distributed without Suzuki or Nissin's discretion. Additionally, the general risk of public disclosures or collaborative sharing of information does not by itself constitute good cause for a protective order under Rule 26(c). In *Wauchop*, that court stated, "[t]he risk – or in this case, the certainty – that the party receiving the discovery will share it with others does not alone constitute good cause for a protective order." *Wauchop*, 138 F.R.D at 546.  In fact, several of the collateral cases have already received a copy of the subject documents.  Further, Defendants have already secured  protective orders with those plaintiffs which will ensure they have a means to enforce said confidentiality in those actions.

## VIII.  Unfair Advantage to Defendants

Defendants will have an unfair advantage if granted a protective order without a limited sharing agreement.  In the ATLA article, Full Disclosure: Combating Stonewalling and Other Discovery Abuses, it recognizes:

> The proposed protective order will wrongfully benefit Defendants in areas
> unrelated to the protection of its trade secrets or legitimate procedural rights
> ... Fruitful consultation between plaintiff's attorneys with similar cases in other

areas was thus effectively throttled. Counsel could not refer to or discuss any matters pertaining to facts revealed by [defendant] Liggett & Myers. Without discussing the particulars, any consultation would be largely fruitless. Defendant thus succeeded, to a very significant degree, in isolating plaintiff from outside assistance and advice.

Francis H. Hare, Jr., et al, *Full Disclosure: Combating Stonewalling and Other Discovery Abuses*, 161-62 (ATLA Press 1994), quoting from *Thayer v. Liggett & Myers Tobacco Co.*, Case No. 5314 (W.D. Mich. Feb. 19, 1970).

Also, in *Full Disclosure*, Hare noted the value of consumer attorneys sharing information obtained in discovery as follows:

The value of information sharing among plaintiffs in similar cases has been broadly recognized in a growing body of case law in state and federal courts and in the legal literature. A review of the authorities makes clear that a consensus of legal opinion, from a wide variety of perspectives, strongly advocates the practice. Judges and scholars agree that sharing of discovery among plaintiffs is necessary to promote full, fair, and efficient access to information, to deter and detect stonewalling, and to advance the truth-finding function of the judicial system. A restrictive confidentiality order that precludes information sharing among counsel with similar cases is therefore in conflict with the purposes of the Federal Rules of Civil Procedure.

Francis H. Hare, Jr., et al, *Full Disclosure: Combating Stonewalling and Other Discovery Abuses*, 162 (ATLA Press 1994).

It is clear that the real motivation of Defendants' proposed protective order is to isolate Plaintiffs' attorney and to prevent the five (5) collateral cases from sharing information.

## IX. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully submit that this Court should

deny Defendants' *Motion for Protective Order* as clearly erroneous and contrary to law or,

in the alternative, enter a narrowly construed, least restrictive Protective Order with a Sharing

Agreement allowing Plaintiffs to share discovery in this case with the attorneys representing

the five (5) collateral cases currently pending against Defendants involving the recalled

defective braking system.

RESPECTFULLY SUBMITTED, this the 23rd day of March, 2016.

BRADLEY AND KRISTAN STUBBLEFIELD

By: /s/ Michael J. Malouf, Jr.
Attorney for Plaintiffs


MICHAEL J. MALOUF, JR., ESQ.
MSB NO. 10466
J. MATTHEW LENDERMAN, ESQ.
MSB NO. 104619
MALOUF & MALOUF, PLLC
501 E. Capitol St.
Jackson, MS 39201
(601) 948-4320


## CERTIFICATE OF SERVICE

I, Michael J. Malouf, Jr., attorney for Plaintiffs, do hereby certify that I have this
day filed with the clerk of court, via the ECF system, a true and correct copy of the above
and foregoing *Plaintiffs' Response to Suzuki and Nissin's Motion For Protective Order*,
which sent electronic notification of such filing to all counsel of record.
DATED this the 23rd day of March, 2016.

/s/ Michael J. Malouf, Jr.
Michael J. Malouf, Jr.