IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRADLEY AND KRISTAN STUBBLEFIELD, husband and wife**          **PLAINTIFFS**

VS.                                                             CIVIL ACTION NO. 3:15cv18HTW-LRA

**SUZUKI MOTOR CORPORATION,**
a foreign corporation;
**NISSIN KOGYO CO., LTD,**
a limited liability company,
**XYZ Corporations 1-5**                                        **DEFENDANTS**

## TEMPORARY STIPULATED PROTECTIVE ORDER
## GOVERNING CONFIDENTIAL MATERIALS

HAVING COMEON FOR HEARING on Defendants Suzuki Motor Corporation's and Nissin Kogyo Co., Ltd.'s ("Defendants") motion for protective order and Plaintiffs' motion for sharing agreement, and both parties having appeared by counsel and argument, and the Court being fully advised, does find as follows:

Disclosure and discovery activity in this action will involve production of certain confidential, proprietary, private, or trade secret information for which special protection from disclosure would be warranted. Accordingly, the parties hereby temporarily stipulate to and petition the Court to enter the following Temporary Stipulated Protective Order Governing Confidential Materials. The parties acknowledge that this Temporary Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Temporary Stipulated Protective Order creates no entitlement to file confidential information under seal; the parties shall follow the applicable rules when seeking permission from the Court to file material under seal.

This Temporary Stipulated Protective Order shall remain in effect until the Court enters a permanent Protective Order governing confidential materials in this case and all appeals of said Order have been exhausted. The parties' agreement to the language in this Temporary Protective Order is limited to this Temporary Protective Order and shall not be construed as agreement to the same or similar language in the Final Protective Order to be entered by the Court.

IT IS HEREBY ORDERED that all "Confidential" documents, as addressed further herein, produced by a party in this matter shall be subject to the terms of this Temporary Protective Order as set forth herein:

**1.** **Protected Materials.** A party producing documents intended to be covered by this Order shall, in good faith, mark such materials or documents as it believes are entitled to protection as "Confidential." The documents contained therein shall only be used, shown, and disclosed as provided in this Order. If such Confidential documents are produced in non-paper form or format, the designation of "Confidential" shall be marked on the media (diskette, CD, etc.) in which such documents are produced.

**2.** **"Confidential Documents" Defined.** For purposes of this Order, the term "Confidential Documents" is defined to include documents that contain proprietary information, trade secrets and other such business records that contain information that deserves protection from public disclosure, including information contained in blueprints, manuals, test reports, test standards, drawings, correspondence, studies, marketing information, specifications, graphs, charts, financial data, or any other documents (and any deposition or other transcripts or discovery that include or reflect that information) that are produced by a party which has made a good faith determination regarding that information's need for a "Confidentiality" designation. Confidential information shall not include (1) information that is obtained independently from the producing parties without any breach or

violation of law, (2) publicly available information or information that is already previously disclosed in other publicly available documents, (3) information that is stale or no longer of commercial value, or otherwise conveys general scientific principles or designs already existing in the general public, or (4) information that is determined by a Court or judicial body to be non-confidential or otherwise appropriate for public disclosure.

**3.** **Publicly available information.** Publicly available information is excluded from the scope of this order but, if a party claims that anything marked by a producing party as "Confidential" is "publicly available," they shall first give notice to the producing party of that claim and, at any hearing to determine whether the information has become "public," the party claiming that the information is "publicly available" will bear the burden of proving that the information is "public." The producing party still bears the burden on proving that the information is Confidential.

**4.** **Failure to Mark Document as "Confidential."** The failure to mark a document or documents as "Confidential" prior to production shall not be construed or interpreted as a waiver of protections provided under this Order. Upon discovery that the party has produced documents or other information containing "Confidential" information, the producing party shall provide written notice to counsel of record of its intention to mark such document or documents as "Confidential" and from the date of receipt of such notice, such materials and information shall be treated as "Confidential."

**5.** **Information is to Be Protected.** Each party shall act in such a manner as to guard and protect the Confidential Information and will endeavor to keep the number of copies made of such documents to a minimum.

**6.** **Access to Confidential Documents and Information is Limited to Qualified Persons.** The parties are prohibited from showing or disclosing "Confidential" documents, the information contained therein, the contents or summaries thereof, or the

existence thereof, to anyone, other than as necessary, to prosecute this litigation and only to: (a) Persons in the office of counsel, or co-counsel, of record for the parties, or their representatives, agents or assigns; (b) Judicial Personnel (the Court, Court personnel and Court reporters in connection with this action); (c) Parties and their agents or representatives, or individuals who are employees or officers of any named Defendant to the litigation, including representatives/agents of any entity providing insurance to said Defendants; and (d) anyone who either sent or received the documents deemed "Confidential."

       **7.**     **Challenges to Claims of Confidentiality.** If any party claims that documents, or information contained therein, are not "Confidential" or otherwise entitled to protection under this Order, that party shall give notice of that claim to the party claiming such "Confidentiality." The parties shall then attempt to resolve such dispute in good faith on an informal basis. If the parties are unable to resolve their dispute informally, then the person challenging the designation (the "Challenging Party") may request appropriate relief from the Court. The party alleging that such information is "Confidential" bears the burden of establishing the Confidentiality of the information and documents. All such documents shall remain protected under this Order until they are released from that protection by an Order of this Court.

       **8.**     **Time for Contesting Confidentiality.** The documents covered by this Order shall, at the conclusion of the litigation, if not previously contested and removed from the protections of this Order, remain protected and any party or other person on their behalf is precluded from later challenging the Confidentiality of those documents.

       **9.**     **This Order Remains in Effect.** This Temporary Protective Order shall remain in effect until the Court enters a permanent Protective Order governing confidential materials in this case and all appeals of said Order have been exhausted.

**10.     Jurisdiction of the Court.** The Court retains jurisdiction over the matter to resolve any questions regarding the compliance with the terms of the Order.

**11.     Use of Confidential Documents Generally.** The Confidential documents may be used solely in connection with this lawsuit and for no other purpose absent a Court order compelling such disclosure. Subject to the terms of this Order, no unauthorized person who gains access to Confidential documents may disclose them or their contents to any other person without the written stipulation of the producing party or by order of this Court. In no event shall such Confidential Documents be provided to any person who is not "qualified" as set forth in Paragraph 5, above.

**12.     Use of Confidential Documents in This Lawsuit.** The Confidential documents shall be used solely for the purposes of this litigation by Counsel for Plaintiff concerning the Recall Notice issued by Suzuki Motor America, Inc. and the allegations in the Complaint, and for no other purpose without further order of the Court or as permitted by the applicable rules of Court. There shall be no reproduction whatsoever of "Confidential" documents, except as reasonably needed for the preparation of this case for trial. If Confidential documents are used in depositions, all portions of the transcript of such depositions and exhibits thereto which refer to or relate to such Confidential documents, things or Information shall themselves be considered as Confidential documents. In addition, it is the burden of the Producing Party, to the extent that such Party believes information introduced during the deposition is Confidential, to notify such deponent following the deposition that he or she may not divulge any Confidential documents, things or Information except to qualified persons. No person shall attend portions of the depositions designated as Confidential unless he or she is an authorized recipient of documents containing such Confidential Information under the terms of this Order. The producing party or counsel for such party shall further have the right to exclude from any

5

such deposition any person or persons not bound by the terms of this Protective Order during the duration of any deposition testimony relating to such Confidential documents, things or Information. Following receipt of the transcript of a deposition, portions of which were designated as Confidential, counsel for the producing party will identify, in writing to counsel of record, those specific portions of the transcript which are to be considered Confidential and subject to this Order. Any Party may so designate any portions of all depositions that logically relate to or are questions about documents that have been marked as Confidential, which will be treated as "designated" under the terms of this Order.

13. **Filing and Sealing.** In the event a party seeks to file "Confidential" documents with the Court, or to file with the Court pleadings or other papers referring to Confidential Information derived therefrom, the filing party will seek the Court's leave to file the document, pleading, or other paper under seal as permitted by the Federal Rules of Civil Procedure and the Local Uniform Civil Rules of the Northern and Southern District Courts of Mississippi. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protection against public disclosure from the Court.

14. **Protected Material Subpoenaed or Ordered Produced in Other Actions.** If any person receiving Confidential documents covered by this Order ("the Receiver") is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks protected material that was produced or designated as Confidential Information by someone other than the Receiver, the Receiver shall give prompt written notice by hand or email or fax transmission within ten (10) business days of receipt of such Demand to the person, party, or third party who produced or designated the materials as Confidential Information, and shall object to the production of such materials on the grounds

of existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party who produced or designated the material as Confidential Information. Unless the person, party, or third party who produced or designated the Confidential Information obtains an order directing that the Demand not be complied with, and serves such order upon the Receiver prior to production pursuant to the Demand, the Receiver shall be permitted to produce documents responsive to the Demand on the Demand response date. Compliance by the Receiver with any order directing production pursuant to the Demand of any Confidential Information shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**15.** **Disposal at the Conclusion of this Action.** Within 60 days of the conclusion of this action by trial or otherwise, including any appeals, all Confidential documents and all copies (electronic or otherwise) thereof shall be returned to counsel for the producing party, excepting case pleadings and motions and correspondence of counsel, provided that such counsel destroy all exhibits to such pleadings and correspondence that have been designated as protected material. No party or counsel for any party may retain an archival copy of any case pleading and motions and correspondence that has been designated as Confidential documents under this Order. Additionally, all electronic copies of Confidential documents, things or Information shall be certified by the receiving party as having been destroyed, and any media upon which such documents, things or information were produced shall be returned to the producing party. The conclusion of this litigation does not relieve the parties from their obligations to maintain Confidentiality obligations pursuant to this Order. The obligations imposed by this Protective Order shall survive the termination of this action.

**16.** **Amendments.** Nothing in this Order will prejudice any of the parties herein from seeking modification of this Order or to apply for additional or different protection. No modification by the parties shall have the force or effect of a Court Order unless the Court approves the modification.

**17.** **Treatment of Producing Party's Own Documents.** This Order and the obligations pursuant thereto shall not be binding with respect to the producing party's treatment of its own documents. Nonetheless, to the extent that the producing party acts in a manner inconsistent with the Confidentiality designations ascribed to its documents, the Producing Party bears the burden within ten (10) days to notify the receiving counsel and re-designate such documents by removing any such "Confidential" designations.

**18.** **Procedure for Waiver.** A party may agree to the disclosure of "Confidential" documents only in writing. It will not be a defense to improper disclosure by a party (or anyone that was given access to the documents that are produced to a party) that the producing party or one of its attorneys orally approved disclosure.

**19.** **Unintentional Production of Privileged Materials.** If information subject to a claim of attorney-client privilege, attorney work-product or any other valid ground under the law is nevertheless inadvertently or unintentionally produced, transmitted, or disclosed to a party or parties, such production, transmittal, or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or any other valid ground under the law. If a disclosing party asserts a claim of inadvertent production, transmittal, or disclosure as to information then in the custody of another party, such receiving party shall, within five (5) business days of being notified of such claim, return, or sequester the original and all copies of the information (except as necessary to file the motion with the Court referenced below) to the disclosing party, and the receiving party shall not use such information for any purpose. If the receiving party has already shared such

8

information or material prior to a demand for its return from the disclosing party, then the receiving party shall promptly notify the other affected person or persons and shall collect and return all copies. If the receiving party disputes a claim of attorney-client privilege, attorney work product or any other valid ground under the law, it may move the Court for an Order compelling production of the material, which motion shall be requested to be filed under seal and which may attach the material for the Court's inspection.

**20.  Confidential Documents During Depositions and at Trial.** Subject to the Federal Rules of Evidence, Confidential documents may be offered in evidence at trial or court hearing, and may be introduced as exhibits at any deposition or other proceeding involving any witness whose testimony is affirmed under oath. Any party may move the Court for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such Information at trial.

**21.  Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential material. Parties shall not duplicate any Confidential material except as is necessary to prosecute the case. In the event of a violation of this Order, should the Court determine that counsel did not act responsibly in an effort to protect said information, such failure may be sanctionable.

SO ORDERED, this the 24th day of October, 2016.

_____ S/ Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE

**AGREED TO:**

DATED:  10/18/2016_____       /s/ Mike Malouf, Jr._____
                                    Mike Malouf, Jr.,
                                    Counsel for Plaintiffs


DATED:  10/19/2016_____       /s/ Robert A. Miller_____
                                    Robert A. Miller,
                                    Counsel for Defendant Suzuki Motor Corporation


DATED:  10/19/2016_____       /s/ Mark D. Jicka_____
                                    Mark D. Jicka,
                                    Counsel for Defendant Nissin Kogyo Co., Ltd.