IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRADLEY STUBBLEFIELD and
KRISTAN STUBBLEFIELD                                              PLAINTIFFS

vs.                                    CIVIL ACTION NO.: 3:15-CV-18-HTW-LRA

SUZUKI MOTOR CORP., and
SUZUKI MOTOR OF AMERICA, INC.                                    DEFENDANTS

## ORDER REGARDING PLAINTIFFS' MOTION IN LIMINE

**BEFORE THIS COURT** is the Plaintiffs' Motion in Limine **[Docket no. 245]**. Plaintiffs seek an order from this court excluding various categories of evidence during a jury trial in this matter. Plaintiffs did not file a memorandum brief in support of their motion in limine and the motion in limine itself does not cite any authority for the exclusions of the categories of evidence.

Defendants oppose such motion by response in opposition and memorandum brief. Defendants here are Suzuki Motor Corporation (hereinafter referred to as "SMC") and Suzuki Motor of America, Inc. (hereinafter referred to as "SMAI").

**I.     Motion in Limine Standard**

United States District Court Judge Debra M. Brown stated succinctly the standard for a motion in limine.

> "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Wechsler v. Hunt Health Sys., Ltd*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (citing *Luce v. U.S.*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)) (emphasis omitted). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Fair v. Allen*, No. 09-2018, 2011 U.S. Dist. LEXIS 27390, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011); *see also Hull v. Ford*, No. C-05-43, 2008 U.S. Dist. LEXIS 3686, 2008 WL 178890, at *1 (S.D. Tex. Jan. 17, 2008).

*Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-CV-00129-DMB-SAA, 2015 U.S. Dist. LEXIS 17926, at *1-2 (N.D. Miss. Feb. 13, 2015).

The court, after reviewing the pleadings, arguments of counsel, and the relevant jurisprudence, makes the following rulings.

## II. Categories Plaintiffs Seek to Exclude

Plaintiffs seek to exclude several categories of evidence without specific references to items of evidence or testimony. This court will address each category individually below.

### a. *Jennifer Lind Testimony*

Plaintiffs seek to exclude the testimony of Jennifer Lind, who is the mother of Preston Lind. According to defendants, plaintiffs conducted a secret riding test of the subject motorcycle in violation of a non-spoliation letter defendants tendered to plaintiffs. The results of that secret testing were purportedly favorable to defendants. Preston Lind is the test rider who drove the subject motorcycle. Plaintiffs' attorney, Mike Malouf, Jr. was the only other person present at the secret riding test of the subject motorcycle. After his test ride, Preston Lind died of unrelated causes. Defendants later discovered the secret test ride and deposed Jennifer Lind, who testified that Preston Lind said the subject motorcycle had no mechanical problems when he test rode it.

Plaintiffs state generically that Jennifer Lind's "testimony is hearsay and not reliable" without citing the specific testimony and/or statements that are excludable. Plaintiffs also make the argument that Preston Lind was a non-testifying consultant under the authority of Rule 26(b)(4)(D)[1] of the Federal Rules of Civil Procedure.

---

[1] (D) Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
    (i) as provided in Rule 35(b); or
    (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Defendant responds that plaintiffs have failed to identify specific evidence or testimony of Jennifer Lind and that this court has already rejected plaintiffs Rule 26 objection on other grounds.

This court is persuaded that Jennifer Lind's testimony, as recited by the defendants, is relevant to whether the subject motorcycle was experiencing mechanical failure. This court must next address plaintiffs' hearsay objection. Hearsay is "a statement that: the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. Hearsay is generally excluded except where an exception applies. *See* Fed. R. Evid. 802.

This court finds that the residual exception may apply to Jennifer Lind's expected testimony. Rule 807 of the Federal Rules of Evidence provides:

> (a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
>> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
>> (2) it is offered as evidence of a material fact;
>> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>> (4) admitting it will best serve the purposes of these rules and the interests of justice.
>
> (b) Notice. The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

Fed. R. Evid. 807.

This court has analyzed what it has of Jennifer Lind's expected testimony in light of the mandates of Rule 807. Jennifer Lind's statement may have circumstantial guarantees of trustworthiness in that she is not a party to this lawsuit and seemingly will gain no reward in testifying about what her dead son said to her. This court finds further that her testimony is

---

Fed. R. Civ. P. 26

relevant evidence of material fact – that plaintiffs' own expert did not find any mechanical fault with the subject motorcycle – and that it is more probative than any other evidence than can be reasonably obtained by plaintiffs (with the possible exception of the testimony of one of plaintiffs' attorney which is also a subject of this motion in limine). Admitting Jennifer Lind's testimony, this court finds, may best serve the purposes of the Federal Rules of Evidence and the interests of justice. Accordingly, this court recognizes that the residual exception may apply, and, if so, and defendants may call Jennifer Lind as a witness. Still, before this court announces its final decision on this point, this court wants to hear from Jennifer Lind and how, when, where, and before whom, this alleged conversation occurred. Further, this court wants to know what remuneration, if any, her son received from plaintiffs, or was owed by plaintiffs at the time of his death. This inquiry is to proceed out of the presence of the jury before she is to testify.

    **b.** *Preston Lind Riding Test*

Plaintiffs next ask this court to exclude any evidence that is the result of the secret riding test of the subject motorcycle without citing to any authority other than Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure.

Defendants respond that the secret test ride damaged key evidence in this case and proved a material fact that bolsters their defense.

This court discussed above the particulars of the secret riding test in Section II.a.. This court is persuaded that, even if Rule 26 (b)(4)(D) applied, the defendants have shown "exceptional circumstances exist under which it is impracticable for the [defendants] to obtain facts or opinions on the same subject by other means." As stated above, Preston Lind rode the subject motorcycle and plaintiffs' attorney, Mike Malouf, Jr., was the only other person present for the secret test ride. This court, because of these exceptional circumstances, ordered the

deposition of Attorney Malouf as regards the secret test ride of Preston Lind. Accordingly, this court is persuaded that plaintiffs' motion in limine based on this ground should be denied, and this court will expect the parties to advise the court of any plans to put such matters before the court.

    **c.** *Mike Malouf, Jr.*

Plaintiffs also ask this court to exclude all evidence of the deposition of plaintiffs' attorney, Mike Malouf, Jr.. For cause plaintiffs state that Attorney Malouf will not testify in this matter and, therefore, any evidence about his deposition or affidavits cannot be allowed. As this court discussed above, it ordered the deposition of Attorney Malouf because he was the only other person present at the secret test riding. Attorney Malouf also rode the subject motorcycle, thereby subjecting himself to the status as a possible witness in this lawsuit.

Defendants say that this court has already rejected plaintiffs' argument, on other grounds, when it ordered the deposition of Attorney Malouf.

This court is unprepared at this time to either grant or deny plaintiffs' motion. This court grounds its reservation on Mississippi Rule of Professional Conduct Rule 3.7[2] governing lawyer-as-witness action. This court is not yet persuaded that it should allow Attorney Malouf to be called as a witness, but it is also not persuaded that he should not be called. Accordingly, this court will deny without prejudice the plaintiffs' motion in limine based on this ground. Plaintiffs may object again during the trial of this matter, but neither party may make mention to the jury of the deposition of Attorney Malouf without first seeking this court's approval.

---

[2] (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
    (1) the testimony relates to an uncontested issue;
    (2) the testimony relates to the nature and value of legal services rendered in the case; or
    (3) disqualification of the lawyer would work substantial hardship on the client.
Miss. RPC. Rule 3.7

### d. *Speed Limit*

Plaintiffs' next request that this court prevent the defendant from introducing evidence that the speed limit in the area where plaintiff Brad Stubblefield's accident occurred is 30 mph. For support, plaintiffs say that defendants cannot prove what the speed limit was in the area.

Defendants respond that this court can and should take judicial notice of the speed limit in the area of the accident and that plaintiffs cannot reasonably dispute the speed limit in the area.

This court is persuaded, at this time, that this is a disputed area of fact and that both parties should seek to prove to the ultimate trier of fact what the speed limit was in the area of the accident. Accordingly, this court denies plaintiffs' motion in limine on this ground. If, however, defendants have judicial notice evidence, this court will so instruct the jury.

### e. *Nissin 30(b)(6) Representative*

Plaintiffs next seek to exclude the testimony of former defendant Nissin's 30(b)(6) representative. This court has already dismissed Nissin from this lawsuit on March 23, 2018. [Docket no. 316]. Accordingly, plaintiffs' motion in limine on this ground is moot and denied as such.

### f. *SMC or SMAI 30(b)(6) Representative*

Plaintiffs next seek an order preventing the testimony of either remaining defendants' 30(b)(6) representative because, according to plaintiffs, neither defendant has designated or summarized the facts and opinions of the representative. Further, say plaintiffs, defendants have prevented the deposition of the witness by refusing to designate said witness or making that witness available for deposition. Plaintiffs say that they have filed a motion to compel regarding this issue.

Defendants respond that they have not prevented the deposition of their 30(b)(6) representative. According to defendants, they had objected to the location and time of the proposed deposition of their 30(b)(6) representatives. Furthermore, says defendants, they are not required to summarize the facts and opinions of such witnesses.

Rule 30 of the Federal Rules of Civil Procedure govern depositions generally and, under (b)(6) provides that:

> 6) Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules

Fed. R. Civ. P. 30. There is no requirement that defendants summarize the facts and opinions of the Rule 30(b)(6) witness.

Also, in addressing plaintiffs' contention that it has filed a motion to compel on this issue, this court will not accept the objection filed by plaintiffs to the deposition as a motion to compel. This court already addressed this issue in September 2017 when it ordered plaintiffs to file a proper motion to compel if it intends to pursue this issue. Plaintiffs have done so on November 6, 2017. [Docket no. 299]. This court will address plaintiffs' arguments on this ground in its opinion and order regarding that motion. Accordingly, this court finds this ground of plaintiffs' motion in limine not well-taken and denies it.

**g.** *Documents Allegedly Not Produced in Discovery*

Plaintiffs, by their motion, ask this court to exclude all evidence of any documents they allege have not been produced during the discovery period of this matter. Plaintiffs have not identified with specificity any documents that they seek to exclude.

Defendants respond that they are allowed to utilize any documents that they have produced through discovery, whether produced in English or Japanese.

This court is persuaded that defendants may utilize any documents that they have produced to the plaintiffs in either English or Japanese. Plaintiffs and defendants reached an agreement whereby defendants would have translated the documents that plaintiffs sought up to a set limit. Plaintiffs do not allege that defendants fulfilled this agreement, but rather appear to argue that they did not receive the benefit of the bargain that they sought. Plaintiffs could have translated the remaining documents from Japanese to English, and if they had not done so, it is not defendants' fault. This court will not so penalize defendants. Accordingly, this court denies plaintiffs' motion in limine on this ground.

**h.** *SMC's Awareness of Customer Complaints*

Plaintiffs also seek an order from this court forbidding defendants from introducing evidence of defendants' unawareness about customer complaints. Plaintiffs say defendants have not produced all documentation of the customer complaints and, therefore, defendants should not be allowed to introduce said evidence. Plaintiffs have filed a motion to compel to obtain the documentation they say they have not received.

Defendants say that it has filed a motion in limine of its own to exclude all evidence of customer complaints and the recall.

The court has not yet issued its opinions on defendants' motions in limine that will impact the admissibility of this class of evidence. [Docket nos. 248 and 251]. Accordingly, this court finds that plaintiffs' motion in limine on this ground should be and is hereby denied without prejudice.

### i. *Expert Witnesses Todd Hoover and Kevin Breen*

Plaintiffs ask this court to exclude the testimony and reports of defense experts Todd Hoover and Kevin Breen. Plaintiffs have filed *Daubert* motions on both of these expert witnesses which this court will address in a separate opinion. [Docket nos. 213 & 214]. Accordingly, this court denies plaintiffs' motion in limine on these grounds.

### j. *Plaintiff Brad Stubblefield's Reckless Driving*

Plaintiffs seek an order from this court preventing defendants from introducing evidence of plaintiff Brad Stubblefield's alleged reckless driving. According to plaintiffs, there has been no testimony or evidence of such and, therefore, defendants should not be able to introduce any.

Defendants respond that if they had obtained such evidence, it would be relevant and probative in this matter because it may be used to rebut testimony from plaintiffs that Brad Stubblefield is not responsible for the subject motorcycle accident.

This court is persuaded that any proof of plaintiff Brad Stubblefield's reckless or negligent driving is highly probative. Accordingly, this court denies without prejudice plaintiffs' motion in limine on this ground and plaintiffs may raise the issue again at the jury trial of this matter if necessary.

### k. *Post-Manufacturing Modifications*

Plaintiffs also ask this court to exclude all evidence of plaintiffs' post-manfacturing modifications that they made to the subject motorcycle. According to plaintiffs, there has been

no expert testimony that such modifications either contributed or did not contribute to the accident.

Defendants say that the modifications made by plaintiffs to the subject motorcycle are highly relevant because plaintiffs' complaint alleges causes of action for manufacturing defects. According to defendants, "when circumstantial evidence is required to show that the product is defective, a plaintiff must establish that the product is in substantially the same condition as when it left the manufacturer's control, there must be evidence which tends to show that the product has not been damaged, used abnormally or subject to misuse or modification." *Dykes v. Husqvarna Outdoor Prod., N.A., Inc*., 869 F. Supp. 2d 749, 758 (S.D. Miss. 2012).

Plaintiff Brad Stubblefield made significant aftermarket modifications to the subject motorcycle. This court finds that the evidence plaintiffs seek to exclude should be presented to the ultimate finder of fact in this lawsuit and, accordingly, denies plaintiffs motion in limine based on this ground.

### l. *Collateral Source Payments*

Plaintiffs also ask this court to limit any testimony about collateral source payments. Defendants say that they do not oppose this motion in limine as long as they are allowed to utilize such evidence for impeachment.

This court is not persuaded to grant plaintiffs' motion in limine on these grounds at this time. The parties, however, must apprise the court before attempting to introduce such evidence for any purpose.

### m. *Storage of the Subject Motorcycle and Timing of Corrosion*

Plaintiffs next ask that this court exclude any evidence that would lead the jury to believe that the storage of the subject motorcycle after the accident caused or contributed to the

corrosion that the parties found when the subject motorcycle was inspected years later. Similarly, plaintiffs ask this court to limit any testimony about when the corrosion within the front brake master cylinder occurred. Plaintiffs say that defendants have not produced any evidence that would be competent to indicate either class of evidence.

Defendants respond that plaintiffs, by their motion, are attempting to impermissibly prevent defendants from challenging plaintiffs' expert, Jeffery Hyatt. Defendants further assert that they should be allowed to impeach Hyatt's testimony regarding the causation of the corrosion (possibly by storage) and the timing thereof.

This court is persuaded that plaintiffs' motion in limine is not well-taken. The causation of the corrosion found in the front brake master cylinder and the timing thereof are a significant question in this lawsuit. Plaintiffs may not simply ask this court to *de facto* find that the corrosion arose before the motorcycle accident at issue here. Accordingly, plaintiffs' motion in limine is denied on these grounds.

    **n.** *Reliance on Documentation Provided in Discovery in Japanese*

As this court stated in Section II.g. plaintiffs and defendants reached an agreement for defendants to translate plaintiffs' designated documents from Japanese to English. Nothing prevented plaintiffs from having excess documents from Japanese to English. Accordingly, plaintiffs' motion in limine is hereby denied on this ground.

**III.    Conclusion**

**IT IS, THEREFORE, ORDERED that plaintiffs' Motion in Limine is hereby DENIED as stated above.**

**SO ORDERED this the 11th day of September, 2018.**

                                          **s/ HENRY T. WINGATE**
                                          **UNITED STATES DISTRICT COURT JUDGE**