**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BRADLEY STUBBLEFIELD and**
**KRISTAN STUBBLEFIELD**                                                                **PLAINTIFFS**

**vs.**                                                       **CIVIL ACTION NO.: 3:15-CV-18-HTW-LRA**

**SUZUKI MOTOR CORP., and**
**SUZUKI MOTOR OF AMERICA, INC.**                                                       **DEFENDANTS**

### ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DESIGNATION AND DEPOSITION OF SUZUKI MOTOR CORPORATION'S CORPORATE REPRESENTATIVES

**BEFORE THIS COURT** is plaintiffs' Motion to Compel the Designation and Deposition of Suzuki Motor Corporation's Corporate Representatives **[Docket no. 299]**. By their motion, plaintiffs allege that defendant Suzuki Motor Corporation (hereinafter referred to as "SMC") placed obstacles in their path by refusing to designate a Rule 30(b)(6)[1] corporate representative for deposition, and/or failing to schedule a deposition.

SMC responds that plaintiffs' motion is untimely, in that the discovery period for this lawsuit had ended sixty-seven (67) days prior to plaintiffs' filing of the instant motion. Further, says SMC, it had designated its corporate representative, and that plaintiffs refused to comply with "Japanese-American consular convention rules" – an argument that it had made when plaintiffs originally objected to the deposition of their 30(b)(6) witness[2]. According to SMC, the "general

---

[1] (6) Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.
Fed. R. Civ. P. 30

[2] 2. SMC further objects to Plaintiffs' Notice of Deposition of SMC because the Notice does not comply with Fed. R. Civ. P. 28(b)(1)(D) or with Article 17 of the United States – Japan Consular Convention, which authorizes the deposition of a Japanese citizen only if: (1) the Japanese citizen is willing to be deposed; (2) the deposition takes place

rule in the Fifth Circuit is to take a corporate deposition at the corporation's principle place of business, and that departure from the general rule is only warranted if 'peculiar' circumstances exist." [Docket no. 302, P. 3]. Citing *FC Meyer Packaging, LLC v. Converting Alts. Int'l, LLC,* 2017 WL 752290, at *3 (S.D. Miss. Feb. 27, 2017); *see also Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979). Plaintiffs have not rebutted SMC's response in opposition.

Plaintiffs noticed the deposition of SMC's 30(b)(6) corporate representative on June 30, 2017. [Docket no. 168]. Three (3) weeks later, on July 21, 2017, SMC filed its objection to plaintiffs' notice of deposition, stating that plaintiffs had to take the deposition of its corporate representative in Japan, SMC's principle place of business. [Docket no. 171]. Plaintiffs, instead of filing a motion to compel, filed their "Response in Opposition re 171 Response in Opposition re 168 Notice to Take Deposition of Suzuki Motor Corporation" on August 3, 2017. [Docket no. 180].

The Local Rules of the Northern and Southern District Courts, Rule 26(b)(2)(C) require counsel to "file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." Further, the local rules require that "[a]ny written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule." L.U. Civ. R. 26(b). Plaintiffs filed their response in opposition to SMC's objection to plaintiffs' notice of deposition, but did not file it as a motion. Counsel for plaintiffs is a seasoned attorney and is presumably familiar with the local rules that

---

on United States consular premises in Japan, (3) a consular officer presides over that deposition; and (4) each participant traveling from the United States to Japan obtains a special "deposition visa." *Consular Convention & Protocol*, T.I.A.S. No. 5602 (Aug. 1, 1964); 22 C.F.R. § 92.49; *see e.g. J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co.*, 515 F. Supp. 2d 1258, 1271 (M.D. Fla. 2007) (recognizing that a Japanese witness, even under the control of a named Defendant, cannot be compelled to appear in a Court proceeding in the United States).
[Docket no. 171, P. 2].

govern civil practice in this court. Accordingly, this court finds that plaintiffs' response in opposition is not a motion as required by the local rules. Moreover, plaintiffs filed their motion to compel long after the discovery deadline, in violation of local rule 7(b)(2)(C).

SMC also says that plaintiffs' counsel had been present and involved in a companion lawsuit filed in another jurisdiction.[3] According to SMC, plaintiffs would not be prejudiced if the court did not allow plaintiffs to depose SMC's 30(b)(6) corporate representative because plaintiffs were involved in and present at the *Schall* 30(b)(6) deposition.

This court finds that plaintiffs' motion to compel is untimely and, therefore, must be denied. Plaintiffs cannot sit on their hands until two (2) months after the discovery deadline and expect this court to order a new deposition. Plaintiffs should have filed a motion to compel as soon as defendants objected to their notice of deposition.

**IT IS, THEREFORE, ORDERED that plaintiffs' Motion to Compel the Designation and Deposition of Suzuki Motor Corporation's Corporate Representatives [Docket no. 299] is hereby DENIED.**

**SO ORDERED this the 12th day of September, 2018.**

                                       **s/ HENRY T. WINGATE**
                                       **UNITED STATES DISTRICT COURT JUDGE**

---

[3] Defendants refer to *Schall v. Suzuki Motor of America et al*, 4:14-cv-74, which is before the United States District Court for the Western District of Kentucky. *Schall* is based upon a similar set of facts, alleging that the front brake master cylinder of a Suzuki GSX-R600 – a different model of the motorcycle at issue in this lawsuit – was defective.