IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRADLEY STUBBLEFIELD and
KRISTAN STUBBLEFIELD                                                          PLAINTIFFS

vs.                                             CIVIL ACTION NO.: 3:15-CV-18-HTW-LRA

SUZUKI MOTOR CORP., and
SUZUKI MOTOR OF AMERICA, INC.                                          DEFENDANTS

## ORDER REGARDING DEFENDANTS' OMNIBUS MOTION IN LIMINE

**BEFORE THIS COURT** is the defendants' Omnibus Motion in Limine **[Docket no. 263]**. Defendants, by their motion, ask this court to exclude several categories of evidence. Plaintiffs oppose defendants' request and ask this court to deny defendants' Omnibus Motion in Limine **[Docket no. 263]**.

I.   **Motion in Limine Standard**

United States District Court Judge Debra M. Brown stated succinctly the standard for a motion in limine.

> "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Wechsler v. Hunt Health Sys., Ltd*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (citing *Luce v. U.S.*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)) (emphasis omitted). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Fair v. Allen*, No. 09-2018, 2011 U.S. Dist. LEXIS 27390, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011); *see also Hull v. Ford*, No. C-05-43, 2008 U.S. Dist. LEXIS 3686, 2008 WL 178890, at *1 (S.D. Tex. Jan. 17, 2008).

*Harkness v. Bauhaus U.S.A., Inc*., No. 3:13-CV-00129-DMB-SAA, 2015 U.S. Dist. LEXIS 17926, at *1-2 (N.D. Miss. Feb. 13, 2015).

The court, after reviewing the pleadings, arguments of counsel, and the relevant jurisprudence, makes the following rulings.

## II. Categories Defendants Seek to Exclude

Defendants seek an order excluding several categories of evidence that they expect plaintiffs to attempt to introduce at the jury trial of this lawsuit. This court will address each category individually below. Defendants also ask this court to sequester all witnesses whom the parties intend to call during the jury trial of this matter.

### a. Kristan Stubblefield's Blog

Plaintiff Kristan Stubblefield allegedly maintains a blog[1] on the internet at http://bradandkristan.blogspot.com that documents what plaintiffs allege that they endured as a result of the subject motorcycle accident. Defendants acknowledge that the court will give a preliminary instruction to the jury forbidding them to conduct independent investigations. Defendants campaign that the instruction will not be enough to prevent the prejudice that will occur if a jury member violates the court's instruction. Defendants further argue – by citing Rule 801 and 802 of the Federal Rules of Evidence – that the blog is hearsay, and should be excluded.

Plaintiffs respond that the blog is a "source of therapy" for plaintiff Kristan Stubblefield and the court should not order her to remove it from the internet. Moreover, says plaintiffs, the court's preliminary instruction should be enough to prevent individual jurors from conducting independent investigation, to include searching for and reading plaintiff Kristan Stubblefield's blog. Plaintiffs finally say that they may attempt to introduce the blog at trial, making defendants' motion moot.

This court is persuaded that it does not possess enough information at this stage of the litigation to order plaintiff Kristan Stubblefield to remove her blog from the internet. The

---

[1] "computers : a website that contains online personal reflections, comments, and often hyperlinks, videos, and photographs provided by the writer; also : the contents of such a site"
Merriam Webster Dictionary, "Blog", 2018

complained-of blog may constitute inadmissible hearsay – an argument that defendants alluded to, yet failed to expand upon – and, therefore, defendants' motion in limine on this ground is denied without prejudice. Plaintiffs must inform the court out of the presence of the jury before attempting to introduce evidence of the blog.

### b. Medical Expenses Other Than Those Actually Incurred

Defendants next ask this court to limit plaintiffs' proof of their medical expenses to those expenses that they have actually incurred. For support, defendants cite Miss. Code § 41-9-119[2]. Defendants say that Mississippi adheres to the collateral source rule[3], but state that Mississippi is shifting in its approach to the collateral source rule.

Plaintiffs say that the collateral source rule in Mississippi is still the law, despite defendants' urging of this court to find to the contrary. Further, say plaintiffs, the case cited by defendants for the proposition that the collateral source rule in Mississippi is shifting away from the application of the rule is, in actuality, a limited exception to the collateral source rule. That exception is where the evidence of collateral source payments are admitted for the limited purpose of impeaching false testimony. Citing *Robinson Prop. Grp.*, 7 So.3d at 245, 247.

This court agrees with plaintiffs that Mississippi adheres to the collateral source rule. Accordingly, defendants' motion in limine is denied on this ground.

---

[2] Proof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that such bills so paid or incurred were necessary and reasonable.
Miss. Code. Ann. § 41-9-119 (West)

[3] "[U]nder the collateral-source rule, 'a defendant tortfeasor is not entitled to have damages for which he is liable reduced by reason of the fact that the plaintiff has received compensation for his injury by and through a totally independent source, separate and apart from the defendant tortfeasor.'"
*Robinson Prop. Grp., L.P. v. Mitchell*, 7 So. 3d 240, 244 (Miss. 2009) (Quoting *Cent. Bank of Miss. v. Butler*, 517 So.2d 507, 511–12 (Miss.1987)).

### c. Third Party Attempts to Interpret Defendants' Documents

Defendants ask this court to exclude any testimony from plaintiffs or their witnesses interpreting defendants' state of mind or knowledge from any documents produced in discovery by defendants. To allow such, say defendants, would violate Rules 602[4] and 703[5] of the Federal Rules of Evidence. First, says defendants, plaintiffs expert witnesses do not possess personal knowledge about the state of mind or knowledge of defendants. Second, says defendants, plaintiffs expert witnesses lack the qualifications to offer opinion testimony about defendants' knowledge or state of mind to be able to interpret said documents for the jury. Thirdly, says defendants, plaintiffs did not designate their expert witnesses as experts to interpret defendants' documents regarding the state of mind or knowledge of defendants.

Plaintiffs say that their expert witnesses are allowed to rely upon the documentation in formulating their opinions. Moreover, says plaintiffs, their experts are properly designated and have the requisite knowledge and experience to formulate an opinion about defendants' state of mind and knowledge.

This court is persuaded that it does not currently possess enough information to rule on this ground of defendants' motion in limine. Accordingly, this court will deny the defendants' motion in limine without prejudice and the parties may reurge their motion at a later time.

---

[4] A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.
Fed. R. Evid. 602

[5] An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.
Fed. R. Evid. 703

*d. Relative Financial Status of the Parties*

Defendants next ask this court to order that plaintiffs may not refer to the relative size, financial condition, or financial status of the parties. For support, defendants cite *Hankins v. Ford Motor Co.,* Civ. A. No. 3:08-cv-639-CWR-FKB, 2012 WL 174793 (S.D. Miss. Jan. 20, 2012). In *Hankins*, United States District Court Judge Carlon Reeves quoted and adopted the opinion of United States District Court Judge Daniel P. Jordan:

> Although Ford is correct that witnesses may not speculate as to its state of mind, a witness may be allowed to testify about conclusions Ford reached or what Ford should have known based on its own documents and data. The line between what is admissible and not admissible will depend in large part on the specific questions and responses, and the Court cannot rule in limine on this matter.

*Hankins v. Ford Motor Co.*, No. 3:08-CV-639-CWR-FKB, 2012 WL 174793, at *6 (S.D. Miss. Jan. 20, 2012)(Citing Bradley, 2007 WL 4624613, *3 (S.D. Miss. Aug. 3, 2007)).

This court is likewise persuaded that defendants' motion in limine on this ground is question and response specific. Accordingly, this court denies defendants' motion in limine without prejudice.

Defendants also say that this court should exclude all evidence of plaintiffs' financial status because introduction of such: is immaterial and irrelevant (citing Rule 401 of the Federal Rules of Evidence[6]); and would be more prejudicial than probative (citing Rule 403 of the Federal Rules of Evidence[7]). Plaintiffs respond that evidence of their financial hardship is an integral part of this lawsuit and, therefore, their financial status is relevant and not overly prejudicial. This court agrees

---

[6] Evidence is relevant if:
    (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
    (b) the fact is of consequence in determining the action.
Fed. R. Evid. 401

[7] The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
Fed. R. Evid. 403

with plaintiffs that their financial status, without comparing it to that of defendants' financial status, is relevant and the prejudicial nature of such does not substantially outweigh the probative value. Accordingly, defendants' motion in limine on this ground is denied.

   e. *References to Defendants' Counsel*

Defendants next ask this court to exclude all references by plaintiffs or their witnesses to various aspects of defendants' counsel, namely: the relationship between defendants and their counsel; defendants' counsels' area of speciality; the size of defendants' counsels' firm; and the location of defendants' counsels' firm. Defendants cite *Smerke v. Office Equipment Co. et al*, 158 S.W.2d 302, 303 (Tex. 1941), a Texas Commission of Appeals case. In that case, the court held that "personal references to counsel in a case manifestly have nothing to do with the merits of the case." *Smerke*, at 303.

Plaintiffs, by their response, appear to be confused about what defendants are asking this court to exclude. They respond with the same arguments that they made to defendants' motion about the relative size and financial status of the parties.

The nature, location, size, and speciality of defendants' counsel is irrelevant to this lawsuit. This court cannot discern a relevant reason for plaintiff to attempt introduction of such. Accordingly, defendants' motion in limine is granted on this ground.

   f. *Character of Plaintiffs*

Defendants next say that plaintiffs will attempt to elicit testimony about their good character. Defendants cite Rules 401 and 403 of the Federal Rules of Evidence. Plaintiffs say that evidence regarding plaintiffs' character may be relevant for various reasons.

Neither party fully fleshed out the evidence that they expect to be challenged, nor did they provide this court with jurisprudence to assist this court in making its determination. This court

cautions the parties that Rule 404[8] of the Federal Rules of Evidence expressly forbids the introduction of character evidence. Accordingly, defendants' motion on this ground is denied without prejudice and the parties are instructed to raise the matter outside the presence of the jury if they still intend to introduce such evidence.

### g. *Ethical or Moral Obligation References*

Defendants also ask this court to order that plaintiffs may not elicit testimony regarding defendants' moral or ethical obligations to inform plaintiffs of the defective nature of the front brake master cylinder at issue here. The sole purpose, according to defendants, would be to bolster plaintiffs' claim for punitive damages. Defendants say that Rule 701[9] of the Federal Rules of Evidence forbids such by lay witnesses. Without citing authority, defendants contend that the same prohibition extends to expert witness testimony.

Plaintiffs contend that their expert witnesses are qualified to offer an opinion of whether defendants were under a moral or ethical obligation to notify plaintiffs of the defect. Moreover, says plaintiffs, said testimony is relevant to the issue of punitive damages.

Neither party has requested a bifurcation of the liability and punitive damages phases of the trial of this matter.[10] This court is persuaded that it should *sua sponte* bifurcate the trial of this

---

[8] (a) Character Evidence.
    (1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
Fed. R. Evid. 404

[9] If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
    (a) rationally based on the witness's perception;
    (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
    (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.
Fed. R. Evid. 701

[10] (1) In any action in which punitive damages are sought:
    (a) Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.
    (b) In any action in which the claimant seeks an award of punitive damages, the trier of fact shall first determine whether compensatory damages are to be awarded and in what amount, before addressing any issues related to punitive damages.

matter and plaintiffs are precluded from attempting the introduction of purely punitive damage evidence during the liability phase of this matter. *See Dykes v. Cleveland Nursing & Rehabilitation Center*, 2018 WL 2967627 (N.D. Miss. June 12, 2018).

> h. *References to Plaintiffs as "Victims"*

Defendants next ask this court to order plaintiffs not to refer to themselves as "victims" because the reference would be more prejudicial than probative. Plaintiffs say that Mississippi District Court Judges have categorically refused to grant a similar request in other cases. *Citing Riley v. Ford Motor Co.*, 2011 WL 3273592, at *2 (S.D. Miss. July 29, 2011); *Rodriguez v. GPI MS-N, Inc.*, 2017 WL 2839485, at *2 (S.D. Miss. June 1, 2017).

Plaintiffs' case authority is distinguishable. In *Riley*, the court found that the lawsuit arose from the criminal acts of one of the tortfeasors. In *Rodriquez*, a premises liability action, the court found that the plaintiff could refer to herself as a victim of the defendants' negligence. This court is persuaded that to refer to themselves as victims, in a products liability lawsuit, would be inappropriate. Victim, in this context, would confuse the jury. Accordingly, this court hereby grants defendants' motion in limine on this ground.

> i. *Religious References*

Defendants also ask this court to order plaintiffs not to mention religious references, citing *Ward v. Dretke*, 420 F.3d 479, 497 (5th Cir. 2005) for support. Any references to religion, according to defendants, encourages the jury to utilize the Golden Rule, an argument that is expressly forbidden in Fifth Circuit jurisprudence. *Citing Guar. Serv. Corp. v. Am. Employers' Ins. Co.*, 893 F.2d 725, 729 (5th Cir. 1990). Defendants specifically state that they expect plaintiffs to make improper references and arguments during their opening statement and their closing argument.

---

Miss. Code. Ann. § 11-1-65 (West)

Plaintiffs oppose defendants' request stating that such statements are not prejudicial but will agree to abide by United States District Court Judge Michael Mills' ruling in *Whitfield v. Harris* wherein he held:

> It is therefore ordered that it is prohibited for any counsel to mention or refer to any deity or make any religious reference in such a manner as can reasonably be construed to indicate that the jury should consider the teachings or beliefs of the deity or any religious references in addition to or to the exclusion of the law. Counsel are further prohibited from making any reference to the religious beliefs or affiliations of any party or counsel in such a manner as can reasonably be construed to indicate that the jury should consider the religious beliefs or affiliations of the party, unless such matters are probative of an issue raised at trial.

*Whitfield v. Harris*, 474 F. Supp. 2d 822, 825 (N.D. Miss. 2007).

This court is persuaded that defendants' motion in limine on this ground is well-taken and hereby grants said motion as Judge Mills stated in *Whitfield*.

### j. References to Alleged Discovery Disputes

Defendants next ask this court to exclude all references to any discovery disputes between the parties in this litigation. Plaintiffs respond that the documents that the experts reviewed during the course of discovery in an attempt to reach their expert opinions are relevant.

This court cannot fathom how discovery disputes between the parties, in this litigation, would be germane to the plaintiffs' case-in-chief. Accordingly, it is hereby ordered that defendants' motion in limine on this ground is granted.

### k. References to Motions in Limine or *Daubert* Motions

Defendants next say that they expect plaintiffs to attempt to introduce evidence during the course of this trial that defendants had filed motions in limine or *Daubert* motions and that such would be improper for a jury to consider. Plaintiffs respond that defendants' request is overbroad and should be denied or deferred until trial.

9

This court does not need to defer ruling on defendants' motion. The various motions in limine and *Daubert* motions are on this court's docket and clearly identifiable. Further, this court finds that mentioning defendants' various motions in limine or *Daubert* motions would be improper and only serve to inflame the jury by the inference that they have been attempting to hide evidence. This court, therefore, orders that defendants' motion in limine on this ground is hereby granted.

l. *References to Probable or Absent Witnesses*

Defendants further ask this court to exclude all evidence about what probable witnesses would have said if they had taken the stand or to comment about a witnesses' absence or refusal to testify. Plaintiffs respond that the absence of defendants' corporate representatives is relevant for the trier of fact and that plaintiffs should be allowed to argue such to the jury.

Both parties have subpoena power and may call witnesses; so, ordinarily, one party may not fault the other party for witnesses' absence. Further, when a corporate representative fails to attend trial, counsel opposite may seek to inflame the jury suggesting that the company does not care about the ailing plaintiff. This court is persuaded this would be improper. The motion in limine is granted.

m. *References to Settlement Negotiations*

Defendants next cite the familiar rule of evidence that forbids the introduction of settlement negotiations codified at Rule 408 of the Federal Rules of Evidence[11]. Plaintiffs agree that such are impermissible, except, say plaintiffs, for impeachment purposes.

---

[11] (a) Prohibited Uses. Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
      (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and

This court agrees with both parties and hereby grants defendants' motion in limine on this ground. The parties are further ordered that if they intend to introduce such to impeach a witness, they must inform the court before so doing, outside of the presence of the jury.

    *n. References to Defendants' Actions as "Intentional, Wanton, or Reckless"*

Defendants finally say that plaintiffs' witnesses should be forbidden from characterizing defendants action or non-action as "intentional, wanton, or reckless". Plaintiffs argue that defendants' motion in limine is too broad and that the court should hold the motion in abeyance until the trial.

This court agrees with plaintiffs, in that defendants' request is too broad and that this court should deny defendants' motion without prejudice. Defendants may re-urge their motion during the course of the jury trial of this lawsuit.

    *o. Witness Instructions and Sequestration of Witnesses*

Defendants next ask this court to instruct counsel to inform their witnesses about the various evidentiary rulings that this court has made to ensure that this court's orders are not inadvertently violated. Plaintiffs agree with defendants' request.

Defendants also ask this court to sequester all non-party witnesses during the trial and to instruct all lay witnesses not to discuss their testimony with any other witness. *See* Fed. Rule Evid. 615[12]. Plaintiffs agree to such requests by defendants.

---

    (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
(b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.
Fed. R. Evid. 408

[12] At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
    (a) a party who is a natural person;
    (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;

This court hereby orders that defendants' motion in limine on these grounds is hereby granted.

### III. Conclusion

**IT IS, THEREFORE, ORDERED that the defendants' Omnibus Motion in Limine [Docket no. 263] is GRANTED IN PART and DENIED IN PART as stated above.**

**SO ORDERED this the 25th day of September, 2018.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**

---

(c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or
(d) a person authorized by statute to be present.
Fed. R. Evid. 615