IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRADLEY STUBBLEFIELD and
KRISTAN STUBBLEFIELD                                                    PLAINTIFFS

vs.                                           CIVIL ACTION NO.: 3:15-CV-18-HTW-LRA

SUZUKI MOTOR CORP., and
SUZUKI MOTOR OF AMERICA, INC.                                          DEFENDANTS

## ORDER REGARDING DEFENDANTS' MOTION IN LIMINE TO LIMIT PLAINTIFFS' TREATING PHYSICIANS TESTIMONY TO THEIR RECORDS

**BEFORE THIS COURT** is the defendants' Motion in Limine to Limit Plaintiffs' Treating Physicians' Testimony to Their Records **[Docket no. 254]**. Defendants, by their motion, ask this court to limit plaintiffs' treating physicians, who are also plaintiffs' expert witnesses, to testify only about evidence contained within the plaintiffs' medical records. The defendants challenge the following expert witnesses: Philip Blount M.D.; Allen M. Hardaway, M.D.; and Heather Maloney. According to defendants, plaintiffs' "catch all" category of their expert designation does not allow the contested expert witnesses to testify about future medical care or the costs associated with future medical care because plaintiffs have not provided an expert report. Defendants do not challenge these expert witnesses testifying about the past medical treatment that they had already provided to plaintiffs as contained within the medical records of these providers.

Plaintiffs respond that they properly designated the challenged experts to testify about future medical expenses. Plaintiffs designated, among other expert witnesses, three (3) expert witness to testify about medical issues presented by this lawsuit.

I.      **MEDICAL EXPERT WITNESSES**

Rule 26(a)(2)(B)[1] requires expert witnesses "retained or specially employed to provide expert testimony" to deliver an expert report signed by that expert witness to the party opposite. Where an expert witness is not retained or specifically employed to provide expert testimony, the propounding party must provide a disclosure to the party opposite containing the following: the subject matter of the testimony; and a summary of the facts or opinions about which the expert witness is expected to testify. *See* F.R.C.P. Rule 26(a)(2)(C).[2]

Medical providers are expert witnesses and are subject to the disclosure mandates of Rule 26 of the Federal Rules of Civil Procedure. *See Barnett v. Deere & Co.*, 2016 WL 5735312 (S.D. Miss. Sept. 11, 2016). Various courts have found that medical experts who are the treating physicians of the parties do not have to provide expert reports. Those same courts, however, have required that the party propounding the expert must provide the following: the subject matter of the testimony; and a summary of the facts or opinions about which the expert witness is expected to testify. *See Duke v. Lowe's Home Centers*, 2007 WL 3094894 (S.D. Miss. Oct. 19, 2007);

---

[1] (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
    (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
    (ii) the facts or data considered by the witness in forming them;
    (iii) any exhibits that will be used to summarize or support them;
    (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
    (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
    (vi) a statement of the compensation to be paid for the study and testimony in the case.
Fed. R. Civ. P. 26(a)(2)(B)

[2] (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
    (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
    (ii) a summary of the facts and opinions to which the witness is expected to testify.
Fed. R. Civ. P. 26(a)(2)(C)

*Previto v. Ryobi N. Am., Inc.*, 2010 WL 5185070 (S.D. Miss. Dec. 16, 2010); and *Robbins v. Ryan's Steak Houses, East, Inc.*, 223 F.R.D. 448 (S.D. Miss. Sept. 16, 2004).

## II. PHILLIP BLOUNT, M.D.

Defendants challenge any testimony of plaintiff Brad Stubblefield's treating physician, Phillip Blount, M.D. (hereinafter referred to as "Dr. Blount") that is outside of the scope of his medical records. Dr. Blount allegedly has been plaintiff Brad Stubblefield's treating physician since his injury in the motorcycle accident at issue in this lawsuit.

Plaintiffs designated Dr. Blount as an expert witness in this lawsuit. In their designation of expert witnesses, plaintiffs listed twelve items upon which Dr. Blount is expected to testify. Defendants challenge item number ten (10) which states that "Dr. Blount will testify regarding the medical care and surgical procedures he provided to Brad, and future medical care and surgical procedures required over Brad's lifetime." [Docket no. 254-1, P. 10]. According to defendants, item number 10 is overbroad and does not designate Dr. Blount's expected testimony with the specificity required by Rule 26. *Citing Barnett*, 2016 WL 4735312 at *2. Further, argue defendants, plaintiffs' life care plan was prepared for litigation, a circumstance that required Dr. Blount to submit an expert report. This court agrees.

In *Barnett*, United States District Court Judge Keith Starett denied a motion to exclude the opinions of Dr. Blount. The court found that plaintiff, as here, had violated Rule 26 and that the court must exclude Dr. Blount's expert opinion unless the exception to Rule 37[3] of the

---

[3] (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
    (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
        (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
        (B) may inform the jury of the party's failure; and

Federal Rules of Civil Procedure applied. Judge Starett engaged in a short discussion of the factors to be applied when determining whether Rule 37 sanctions should apply:

> When applying Rule 37 and considering sanctions for discovery violations, the Court considers the following factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) the potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice.

*Barnett* at *2. Judge Starett then found that: plaintiff had not provided any explanation for his failure; a second expert, who had been designated by plaintiff, had prepared the life care plan; defendant was prejudiced by plaintiff's failure; and defendant already possessed a cure as defendant had deposed Dr. Blount after he had prepared his life-care plan. "In the Court's opinion, the Hamburger factors weigh against excluding Blount's testimony, and the Court notes that Defendant did not request any intermediate sanctions." *Id* at *3.

Neither party *sub judice* argued the *Hamburger* factors. Accordingly, this court finds it does not possess enough information to either ultimately grant or deny the motion. Accordingly, this court will, for now, deny the motion but without prejudice. The defendants may re-urge their motion later if they wish to argue the motion in light of the foregoing factors.

### III. ALLEN M. HARDAWAY, M.D.

Defendants similarly challenge plaintiffs' expert witness, Allen Hardaway (hereinafter referred to as "Dr. Hardaway"). Dr. Hardaway is plaintiff Brad Stubblefield's treating urologist. Plaintiffs offer the same response.

Plaintiffs' Disclosure of Expert Testimony fails to satisfy the requisites of Local Rule 26(c)(2)(D), saying only that Dr. Hardaway will testify to "future medical care and surgical

---

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37

procedures required over Brad's lifetime." This court will consider Rule 37 sanctions should the defendants seek such under Rule 37.

## IV. HEATHER MALONEY

Defendants also challenge plaintiffs' expert witness, Heather Maloney (hereinafter referred to as "Maloney"). Maloney is plaintiff Brad Stubblefield's treating physical therapist. Plaintiffs offer the same response that they did to both Dr. Blount and Dr. Hardaway.

This witness, a physical therapist, too, did not offer an expert report and her opinion number 11, which states that she will testify "regarding other advances and the costs associated with other equipment to assist Brad's daily needs," is nebulous.

This court, then, as it found with Drs. Blount and Hardaway, wants to conduct a Rule 37 analysis; thus, this court will deny the motion without prejudice and await defendants' Rule 37 approach, if they wish to submit such matters.

## V. CONCLUSION

**IT IS, THEREFORE, ORDERED** that defendants' Motion in Limine to Limit Plaintiffs' Treating Physicians' Treating Physicians' Testimony to Their Records [Docket no. 254] is hereby **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this the 25th day of September, 2018.

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**