IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRADLEY STUBBLEFIELD and
KRISTAN STUBBLEFIELD                                                              PLAINTIFFS

vs.                                                  CIVIL ACTION NO.: 3:15-CV-18-HTW-LRA

SUZUKI MOTOR CORP., and
SUZUKI MOTOR OF AMERICA, INC.                                                     DEFENDANTS

### ORDER REGARDING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE HEARSAY STATEMENTS OF PLAINTIFF BRADLEY STUBBLEFIELD

**BEFORE THIS COURT** is the defendants' Motion in Limine to Exclude Bradley Stubblefield's Hearsay Statements About Front Brakes **[Docket no. 261]**. Defendants ask this court for an order preventing plaintiffs from introducing any evidence of hand gestures or verbal statements of Bradley Stubblefield about the front brakes on the subject motorcycle that he made while a patient at the hospital as a result of the accident here at issue. According to defendants, such statements are inadmissible hearsay.

Plaintiffs say that plaintiff Brad Stubblefield's verbal statements and hand gestures do not constitute hearsay and that they do not lack the indicia of trustworthiness as contemplated by the Federal Rules of Evidence.

### I.     FACTS PERTAINING TO THIS MOTION

On January 12, 2012, plaintiff Bradley Stubblefield (hereinafter referred to as "B. Stubblefield") was involved in a single vehicle motorcycle accident which apparently left him paralyzed. The parties agree that as a result of that accident, B. Stubblefield has no independent memory of that date, much less the accident itself. First responders on the scene transported B.

1

Stubblefield to the University of Mississippi Medical Center Emergency Room (hereinafter referred to as "UMMC") for treatment.

B. Stubblefield's wife, plaintiff Kristan Stubblefield (hereinafter referred to as "K. Stubblefield"), visited him and has testified that B. Stubblefield was in severe pain and intermittently conscious. K. Stubblefield also said that she and B. Stubblefield could not maintain a full conversation, however, B. Stubblefield allegedly stated the phrase "front brakes" a few different times to K. Stubblefield.

B. Stubblefield's father, Dan Stubblefield (hereinafter referred to as "D. Stubblefield"), also visited B. Stubblefield while he was a patient in UMMC. D. Stubblefield also alleges that B. Stubblefield made the statement "front brake" while making a hand gesture as if B. Stubblefield was attempting to apply the front brake on the subject motorcycle.

B. Stubblefield does not remember making the verbal statement, nor does he remember making the hand gestures.

## II. DISCUSSION

### A. *Hearsay*

Hearsay is any statement, made out of court, offered by the proponent for the truth of the matter asserted. Fed. R. Evid. 801. Hearsay is not admissible in court unless an exception applies to the general hearsay bar. Fed. R. Evid. 802. A statement can be verbal, a written assertion, or non-verbal conduct. Fed. R. Evid. 801.

Defendants say that they expect plaintiffs will attempt to offer these statements to prove that B. Stubblefield applied his front brake during the accident sequence. Thus, says defendants, both the verbal assertion and non-verbal hand gesture, are hearsay.

Plaintiffs say that neither the hand gesture, nor the verbal assertion are hearsay because neither is a full statement and neither K. Stubblefield nor D. Stubblefield understood what B. Stubblefield meant by the statement. Furthermore, says plaintiffs, the are not offered to prove the truth of the matter asserted. Plaintiffs offer no alternative reason to offer the statement and/or hand gesture.

Plaintiffs clearly misunderstand the definition of hearsay. "Assertive conduct" has long been recognized as hearsay in the Fifth Circuit. *See U.S. v. Caro*, 569 F.2d 411 (5th Cir. 1978) (Finding that pointing at a co-conspirator constituted inadmissible hearsay). It does not matter what the persons who heard the statement believed that the declarant meant. What matters is that the statement was made out of court and is offered to prove the truth of the matter asserted. Plaintiffs' argument that they are not offering the statement to prove the truth of the matter asserted is similarly unavailing. Plaintiffs have failed to show this court any other reason for which these statements would be admissible.

This court finds both the verbal statement and the hand gesture are hearsay statements. Accordingly, this court must exclude both statements unless an exception applies. Plaintiffs say that, even if this court finds that the statements are hearsay – which this court has – that the statements are still admissible under one of two different exceptions to the hearsay rule: an excited utterance; or under the residual exception.

i. Excited Utterance

Plaintiffs say that the excited utterance exception to the hearsay rule applies in this case. Plaintiffs have not cited any additional evidence (other than that which the court recited above) for this court's consideration. Defendants have not responded to plaintiffs' assertion that the statements in question are excited utterances.

The "excited utterance" exception is "a statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused," and is not excluded regardless of whether the declarant is available as a witness.

Fed. R. Evid. 803. The Advisory Committee of the Federal Rules of Evidence provide guidance:

> The theory of [the excited utterance exemption] is simply that circumstances may produce a condition of excitement which temporarily stills the capacity of reflection and produces utterances free of conscious fabrication. 6 Wigmore § 1747, p. 135. Spontaneity is the key factor[].

Fed. R. Evid. R. 803. *See also Shumpert v. City of Tupelo*, 2017 WL 6803763 (N.D. MS November 6, 2017) (finding an anonymous phone call to 911 was not an excited utterance because the statement did not indicate if it was the product of spontaneity or excitement instead of reflective or deliberate thought.)

This court finds that plaintiff B. Stubblefield's statements are not, on the record here before the court, excited utterances. It is unclear from the record, how soon after the accident B. Stubblefield made the statements in question. It is further unclear whether either K. Stubblefield or D. Stubblefield asked B. Stubblefield questions to which he was replying. Resultantly, this court is persuaded that both statements lack the indicia of reliability, as discussed below, a finding which convince this court that the excited utterance exception to the hearsay rule does not apply here. Accordingly, this court cannot find, on the record as it stands, that the excited utterance exemption applies.

    ii. <u>Residual Exception</u>

Plaintiffs also say that the Residual Exception of Rule 807 of the Federal Rules of Evidence applies to the statements in question. Rule 807 states:

> (a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:

> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
>
> (2) it is offered as evidence of a material fact;
>
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
> (4) admitting it will best serve the purposes of these rules and the interests of justice.
>
> (b) Notice. The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

Fed. R. Evid. 807. "The residual hearsay exception 'is to be 'used only rarely, in truly exceptional cases.'" *United States v. Walker*, 410 F.3d 754, 757 (5th Cir. 2005)(Citations omitted).

Plaintiff asserts that all the elements of Rule 807 have been met and that they have previously notified defendants of their intent to introduce B. Stubblefield's statements at trial. According to plaintiffs, "these statements are not self-servingly geared toward litigation[…]" [Docket no. 290, P. 6]. Plaintiffs argue that because B. Stubblefield has no independent memory of the accident, and the statements were made while B. Stubblefield was suffering severe pain, the statements provide the indicia of reliability required to be afforded the residual exception. Further, say plaintiffs, because Karen Stubblefield and D. Stubblefield do not know what exactly B. Stubblefield meant by his statements, the statements bear further indicia of reliability.

This court does not agree. The statements are clearly self-serving. One of the witnesses, K. Stubblefield, is one of the plaintiffs in this matter and is married to B. Stubblefield. As such, she stands to gain financially by the introduction of the statements. Similarly, B. Stubblefield's father, D. Stubblefield, is the other witness who can recount the statement. While D. Stubblefield is not a party, his recall of the statement can be said to lack the indicia reliability because he has an interest in seeing that his son is financially solvent.

5

Plaintiffs finally urge this court to find that B. Stubblefield's statements would serve the interests of justice because it would help the ultimate trier of fact to determine the issues. This court cannot agree with plaintiffs on this point because this court has already found that the statements do not bear the indicia of reliability required by the Federal Rules of Evidence in order for the residual exception to apply. Much excluded evidence can be said to assist the ultimate trier of fact in reaching its decision, however, the Federal Rules of Evidence still exclude such evidence for various policy reasons.

Accordingly, this court finds that the statements do not bear the indicia of reliability as required by Rule 807 of the Federal Rules of Evidence and, thus, the residual exception does not apply.

### B. Rule 403

Defendants also argue that the statements in question are more prejudicial than probative and, thus, run afoul of Rule 403[1] of the Federal Rules of Evidence. According to defendants, the following facts show the unfair prejudice requiring the exclusion of the statements: B. Stubblefield does not recall making the statements; the statements made no impact on the witnesses at the time the statements were allegedly made; and D. Stubblefield did not investigate, nor did he look at the subject motorcycle until after B. Stubblefield received a recall notice[2] about the front brakes. Defendant concludes that the admission of the statements would be unfairly prejudicial because the jury would be confused and accept the statements as definitive proof that the front brake on the subject motorcycle failed.

---

[1] The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
Fed. R. Evid. 403

[2] Defendants sent out the recall notice on October 18, 2013, approximately one (1) year and eleven (11) months after the subject motorcycle accident.

6

Plaintiffs oppose defendants' Rule 403 challenge stating that unfair prejudice does not mean any evidence adverse to the opposing party and that virtually all evidence is prejudicial to one party or the other. *See Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006). Plaintiffs say that because B. Stubblefield, D. Stubblefield, and K. Stubblefield will all testify and be subject to cross-examination, this court should allow the statements over defendant's Rule 403 objection. Plaintiffs next say that this court should not penalize them for not investigating the accident sooner. Finally, Plaintiffs conclude that defendants mischaracterize the testimony of D. Stubblefield when they say that D. Stubblefield did not notice anything wrong with the bike on the day of the accident.

This court finds that the challenged statements are unfairly prejudicial. Defendants are correct that the statements would confuse the jury and likely cause them to find, without benefit of the remainder of the evidence, that B. Stubblefield's brakes failed causing the accident. Further, this court does not agree with plaintiffs that it would be penalizing them for failing to investigate the accident sooner. In reviewing the evidence presented herein, this court observes that plaintiffs did not begin their investigation into the cause of the accident until after plaintiffs received the recall notice, long after the accident and statement in question.

### III.　　CONCLUSION

This court finds that both the verbal assertion and the non-verbal hand gestures that plaintiff Brad Stubblefield made while a patient at the University of Mississippi Medical Center's Emergency Room are hearsay and not subject to any exception that the plaintiffs have urged. Further, the statements run afoul of Rule 403 of the Federal Rules of Evidence.

**IT IS, THEREFORE, ORDERED** that the defendants' Motion in Limine to Exclude Bradley Stubblefield's Hearsay Statements About Front Brakes [Docket no. 261] is hereby **GRANTED.**

**SO ORDERED** this the 29th day of September, 2018.

s/ **HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**