IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRADLEY STUBBLEFIELD and
KRISTAN STUBBLEFIELD                                                              PLAINTIFFS

vs.                                              CIVIL ACTION NO.: 3:15-CV-18-HTW-LRA

SUZUKI MOTOR CORP., and
SUZUKI MOTOR OF AMERICA, INC.                                                     DEFENDANTS

## ORDER EXCLUDING CORROSION OPINION OF STEVE MUTHIG

**BEFORE THIS COURT** is defendants' Motion in Limine to Exclude Corrosion Opinion Testimony of SMAI 30(b)(6) Witness Steve Muthig **[Docket no. 256]**. Defendants, Suzuki Motor Corp. (hereinafter referred to as "SMC") and Suzuki Motor of America, Inc. (hereinafter referred to as "SMAI"), ask this court to exclude SMAI's 30(b)(6) representative's testimony about the alleged corrosion occurring in the front brake master cylinder (hereinafter referred to as "FBMC") here at issue. Defendants say that SMAI's 30(b)(6) corporate representative, Steve Muthig (hereinafter referred to as "Muthig") should be excluded as an expert witness for two reasons: Muthig's testimony was outside the scope of the notice of deposition; and that Muthig was not an expert qualified to offer an expert opinion on the subject of corrosion. Plaintiffs oppose defendants' motion arguing that: Muthig's testimony was within the scope of the deposition notice; and that Muthig is qualified to answer corrosion questions. After a comprehensive review of the submissions of the parties, this court grants defendants' motion for the reasons that follow.

I.  **FACTUAL BASIS**

The instant lawsuit is one of several lawsuits all involving various plaintiffs who have suffered a motorcycle accident while riding a Suzuki GSX-R model motorcycle manufactured between 2004 and 2013. During the litigation of those lawsuits the various plaintiffs collaborated

about discovery issues, including participating in the depositions of the various expert witnesses and of defendants' 30(b)(6) representative. In one of those related lawsuits, *Johns v. Suzuki Motor Corp., et al*, (State Court of Douglas County, Georgia Civil Action File Number 14-CV-00043) (hereinafter referred to as the "*Johns* Litigation") the *Johns* plaintiffs noticed the deposition of SMAI's 30(b)(6) representative. The Johns litigation is in the State Court of Douglas County, Georgia and his deposition was not noticed under Rule 30(b)(6)[1] of the Federal Rules of Civil Procedure, but rather, under the authority of O.C.G.A. § 9-11-30(b)(5) and O.C.G.A. § 9-11-30(b)(6)[2]. The scope of the notice of deposition stated as follows:

1. The earliest date when either You determined, or understood that SMC had determined, there was a Defect in the Pre-Recall FBMC.
2. Communications between You and SMC regarding the determination that there was a Defect in the Pre-Recall FBMC.
3. Communications between You and Nissin regarding the determination that there was a Defect in the Pre-Recall FBMC
4. Communications between You and any lawyer, law firm, in-house counsel or legal department regarding if or when You or SMC should submit a "Defect and Noncompliance Information Report" or similar report to NHTSA[3], but only to the extent necessary to disclose:
    a. The dates of each such communication;
    b. Whether the communications were oral or written;

---

[1] (6) Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6)

[2] (5) Production of documents and things. The notice to a party deponent may be accompanied by a request made in compliance with Code Section 9-11-34 for the production of documents and tangible things at the taking of the deposition. The procedure of Code Section 9-11-34 shall apply to the request.

(6) Deposition of organization. A party may, in his or her notice, name as the deponent a public or private corporation or a partnership or association or a governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he or she will testify. The persons so designated shall testify as to matters known or reasonably available to the organization. This paragraph does not preclude taking a deposition by any other procedure authorized in this chapter.

Ga. Code Ann. § 9-11-30

[3] National Highway Transportation Safety Administration (hereinafter referred to as "NHTSA")

      c. The identities of the participants in the communications;
      d. The author(s) of all written communications;
      e. The carbon copy or blind copy recipients of all written communications;
      f. The dates, authors and distributors of any written summaries, reports or memoranda; and
      g. A description as to why You claim the communications are privileged (assuming you so contend).

5. Communications between You and SMC regarding if or when You or SMC should submit a "Defect and Noncompliance Information Report" or similar report to NHTSA.
6. Communications between You and Nissin regarding if or when You or SMC should submit a "Defect and Noncompliance Information Report" or similar report to NHTSA.
7. The date when You, SMC and/or Nissin decided to change from using an FBMC with a Horizontal Port to one with a Vertical Port.
8. The date when actual production of Suzuki GSX-R motorcycles switched from using an FBMC with a Horizontal Port to one with a Vertical Port.
9. All reason for the delay between the times specified in the immediately preceding two topics.
10. All reasons for the delay between the earliest date You or SMC determined there was a Defect in the Pre-Recall FBMC and October 18, 2013.
11. The identities of all persons involved and their respective roles in the decision to wait until October 18, 2013 before providing NHTSA with a Defect and Noncompliance Information Report concerning the Pre-Recall FBMC.
12. Any and all portions of the Defect and Noncompliance Information Report from SMAI to NTHSA on October 18, 2013 which are false or misleading.
13. Any and all portions of the Kudo memo which reflect the opinions of SMAI as of April, 2014.
14. All reports or claims made to ASMC or SMAI by customers on or before November 4, 2013 regarding personal injuries and/or property damages allegedly caused by or related to claimed loss of front brake pressure while riding a GSX-R which was subject to the recall.
15. All AIQ forms or packages sent to customer by ASMC or SMAI regarding personal injuries and/or property damages allegedly caused by or related to claimed loss of front brake pressure while riding a GSX-R which was subject to the recall.
16. All completed Accident Inquiry Questionnaires received by ASMC or SMAI regarding personal injuries and/or property damages allegedly caused by or related to claimed loss of front brake pressure while riding a GSX-R which was subject to the recall.

[Docket no. 256-2].

## II.     DISCUSSION

### a. *Scope of Notice of Deposition*

Defendants say that because the *Johns* plaintiffs did not notice the deposition of SMAI's corporate representative who would discuss the technical nature of the corrosion described in the

3

October 18, 2013 product recall, plaintiffs should not be allowed to introduce the corrosion testimony of Muthig. Plaintiffs respond that the *Johns* plaintiffs correctly noticed the deposition of Muthig to include the topic of corrosion. According to plaintiffs here, the topics as listed in the notice of deposition all implicate the corrosion process as listed in the product recall.

This court finds that the notice of deposition in the *Johns* litigation does not speak to the issue of corrosion. The generality of the discovery request appears to this court, when read in conjunction with the deposition testimony of Muthig, to be a search expedition on matters pertaining to: the pre-recall FBMC; reports to NHTSA; matters directed to horizontal/vertical ports; customer reports to ASMC or SMAI and AIQ forms. Moreover, this court finds that the notice of deposition asks SMAI to designate a 30(b)(6) representative on the issue of the location of the return port of the FMBC, not corrosion.

        b. *Qualification to Testify About Corrosion as an Expert*

According to defendants, Muthig testified throughout his deposition that he was not a mechanical engineer nor a chemical engineer. Moreover, says defendants, Muthig's testimony is not based on his personal knowledge.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. It provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>>
>> (b) the testimony is based on sufficient facts or data;
>>
>> (c) the testimony is the product of reliable principles and methods; and
>>
>> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "Before certifying an expert and admitting his testimony, a district court must ensure that the requirements of Federal Rule of Evidence 702 have been met." *Roman v. Western Mfg., Inc.*, 691 F.3d 686, 692 (5th Cir. 2012). "The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the Rule 702 test." *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002).

Neither party designated Muthig as an expert witness. Muthig, by his own admission, is neither a chemical nor mechanical engineer. Accordingly, this court finds Muthig is not an expert witness.

Plaintiffs respond that it does not matter whether Muthig is qualified as an expert witness because he is SMAI's designated corporate representative – in a Georgia State Court lawsuit – and as such, he was supposed to answer all questions from the perspective of SMAI, not his personal capacity. "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Robinson v. Nexion Health At Terrell, Inc.*, 312 F.R.D. 438, 441 (N.D. Tex. 2014) (Quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir.2006)).

The parties are contesting the introduction of a deposition of a corporate representative, Muthig, for SMC's wholly owned subsidiary, SMAI. Different plaintiffs in another jurisdiction under the rules of procedure for the State of Georgia took Muthig's deposition. This court is not prepared to allow the entry of that deposition *in toto* solely on that basis. The plaintiffs may be

able to utilize Muthig's deposition to impeach SMAI, however, that will remain an issue for the eventual jury trial of this matter.[4]

Plaintiffs have also argued that Muthig's deposition should be allowed under the auspices of Rule 32(a)(3) of the Federal Rules of Civil Procedure.[5] Plaintiffs say that because Muthig is a California resident and he is outside of the subpoena power of this court that Rule 32(a)(4) also applies:

> (4) Unavailable Witness. A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: […]
>> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

Fed. R. Civ. P. 32(a)(4). Plaintiffs, however, fail to take account of Rule 32(a)(8), which applies here:

> (8) Deposition Taken in an Earlier Action. A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter *between the same parties, or their representatives or successors in interest*, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Fed. R. Civ. P. 32(a)(8) Emphasis added. Defendants in the *Johns* litigation were the same as the defendants herein. The plaintiffs are not. Moreover, plaintiffs cannot say they are successors in interest of Adrian Johns and his wife, Gwen Johns, the plaintiffs in the *Johns* litigation. Accordingly, this court finds no merit to plaintiffs' assertion that Federal Rule of Civil Procedure Rule 32(a)(3) or Rule 32(a)(4) applies.

---

[4] (2) Impeachment and Other Uses. Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.
Fed. R. Civ. P. 32

[5] (3) Deposition of Party, Agent, or Designee. An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).
Fed. R. Civ. P. 32

Moreover, as stated above, plaintiffs have not persuaded this court that the proffered notice of deposition adequately identified corrosion inside of the FBMC as a topic for the deposition. SMAI did not have adequate notice that would allow it to prepare Muthig, or some other witness, about the topic of corrosion. When looking at the notice of deposition, this court found that the thrust of the *Johns* plaintiffs' attorney was the location of the return port on the exterior of the FMBC, not any alleged corrosion inside the FBMC. Accordingly, this court finds SMC's Motion in Limine to Exclude Corrosion Opinion Testimony of SMAI 30(b)(6) Witness Steve Muthig **[Docket no. 256]** should be granted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED that defendants' Motion in Limine to Exclude Corrosion Opinion Testimony of SMAI 30(b)(6) Witness Steve Muthig [Docket no. 256] is hereby GRANTED.**

**SO ORDERED this the 29th day of September, 2018.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**