IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRADLEY AND KRISTAN STUBBLEFIELD, husband and wife**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO. 3:15cv18HTW-LRA**

**SUZUKI MOTOR CORPORATION,**
**a foreign corporation;**
**NISSIN KOGYO CO., LTD,**
**a limited liability company,**
**XYZ Corporations 1-5**     **DEFENDANTS**

**SUZUKI MOTOR CORPORATION'S**
**EMERGENCY MOTION TO DISQUALIFY MIKE MALOUF JR.**

Suzuki Motor Corporation ("SMC"), by and through counsel and pursuant to Mississippi Rule of Professional Conduct 3.7 and Local Uniform Civil Rule 7(b)(8), moves this Court to disqualify Mike Malouf Jr. as counsel for Plaintiffs in this case. In support of its motion, SMC would show as follows:[1]

### INTRODUCTION AND SUMMARY

1.  At the recent pretrial conference, the Court was concerned with the possibility of Mike Malouf Jr. being called as a substantive witness in this matter. The parties agreed to work on a stipulation that would keep Mr. Malouf from testifying at trial. The parties worked on multiple versions of a stipulation in an attempt to resolve the dilemma created by the secret testing by Mr. Malouf and the untimely death of the test rider. Despite multiple opportunities to resolve this issue, Plaintiffs have refused to agree to the stipulation, despite the stipulation setting forth facts that Mr. Malouf himself testified to under oath. Further, Plaintiffs are improperly attempting to interject expert opinion testimony of Mike Malouf Jr. into the stipulation, which is

1

clearly improper. SMC now seeks to disqualify Mike Malouf Jr. as an attorney in this matter or in the alternative have the facts set forth in the attached stipulation read to the jury and Mr. Malouf precluded from testifying live at this trial.

### FACTUAL BACKGROUND RELEVANT TO SMC'S MOTION

2. In the face of two preservation letters, Mike Malouf Jr. hired an expert rider to perform secret test riding on Plaintiffs' 2006 GSX-R1000 motorcycle at issue in this lawsuit two months before filing suit. The secret test riding altered the tires, which are material evidence in this case. Specifically (and relevant to SMC's defenses in this case), test rider Preston Lind locked the front wheel on the motorcycle, resulting in abrasions on the front tire.

3. The problems posed by the secret test riding were compounded when Plaintiffs did not tell SMC about the testing. SMC did not learn about it until one of its experts discovered the bike had 2.8 additional miles on it since the September 4, 2014 inspection that occurred before Plaintiffs' secret test riding and he noticed abrasions on both tires that were not present at the prior inspection.

4. After the Court had to order Plaintiffs' counsel to identify the secret test rider, the parties learned the unfortunate news that Preston Lind had passed away only a few weeks prior. Accordingly, the only witness to the secret test riding is Plaintiffs' attorney Mike Malouf Jr.

5. As the only person present for the secret test riding, Mike Malouf Jr. is a substantive witness in this case. He was ordered to sit for a deposition,[2] at which time he

---

[1] In the light of the emergent nature of this Motion, SMC requests that it be relieved of its obligation under L.U. Civ. R. 7(b)(4) to provide an accompanying memorandum of authorities.

[2] Plaintiffs moved *in limine* to exclude all evidence of Mike Malouf Jr.'s deposition, and the Court concluded it was "unprepared at this time to either grant or deny plaintiffs' motion," relying on Miss. R. Prof'l Conduct 3.7. *See* Order [319] at 5. The Court ultimately denied the

provided testimony relevant to SMC's defenses. In the light of this testimony, he is on SMC's witness list for trial, which begins on November 5, 2018.

6. During the October 23, 2018 pretrial conference, the Court expressed concern about Mike Malouf Jr. being called as a witness. In an effort to address those concerns, the parties agreed to work on a stipulation that could be read to the jury to eliminate the need for Mike Malouf Jr.'s trial testimony.

7. After five days of negotiations between counsel and multiple drafts of a stipulation, the parties were able to reach agreement on nine (9) of the eleven (11) paragraphs in the attached stipulation. *See* Stipulation, *attached as* Ex. A.

8. The first paragraph of disagreement concerns paragraph no. 6: "During at least one of Mr. Lind's test runs at 28-30 mph, the front brake had sufficient stopping power to lock the front wheel." *Id.* ¶ 6. This paragraph accurately reflects what Mike Malouf Jr. testified to during his deposition and it is relevant, material evidence that SMC would otherwise elicit from Mike Malouf Jr. on the stand:

> Q. So when you say that the front brake engaged on this last final lap at speeds 28 to 30, then the front – you say the front brake engaged, so the front wheel was locked?
>
> A. Yes.
>
> Q. You observed it locked?
>
> A. Yes.

Excerpts from Malouf Dep. Tr., *attached as* Ex. B, at 38:2-8. *See also id.* at 39:12-14 ("Q. And how many times did he lock up the front wheel? A. I only saw it one time.").

---

motion without prejudice but stated that the parties would be required to seek the Court's approval before mentioning the deposition to the jury. *See id.*

9. While negotiating the stipulation, Plaintiffs attempted to insert an opinion of Mike Malouf Jr. that "[d]uring the majority of Mr. Lind's test runs at speeds between 28-30 mph, the front brake did not have sufficient stopping power to lock the front wheel." *See* R. Edwards 10-29-18 Email, *attached as* Ex. C. It would be fundamentally unfair to have an attorney of record in the case take the stand and give a substantive expert opinion. Mike Malouf Jr. is not an expert motorcycle rider, he was not designated as an expert in this matter, and he does not otherwise have the expertise to render an opinion regarding sufficient stopping power. *See* Fed. R. Evid. 701 ("If a witness it not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."); Fed. R. Evid. 702 (noting a witness is only qualified as an expert if he has specific "knowledge, skill, experience, training, or education" on the subject matter on which he is asked to testify). As drafted, the stipulation sets forth facts proven by physical evidence, i.e. tire abrasions.

10. The second paragraph of disagreement concerns paragraph no. 11: "After Mr. Lind's test ride he told his mother, Jennifer Lind, about the riding. Mr. Lind told his mother that there was nothing wrong with the motorcycle." Stipulation ¶ 11, *attached as* Ex. A.

11. This paragraph arose as a result of Plaintiffs' threat to call Mike Malouf Jr. as a rebuttal witness if the Court permits the testimony of Jennifer Lind, Preston Lind's mother. During a call between Mike Malouf Sr. and Randy Riggs on October 30, 2018, Mike Malouf Sr. expressed an interest in having a stipulation regarding Jennifer Lind's testimony in an effort to avoid the need to call Mike Malouf Jr. as a rebuttal witness. Despite this conversation, Plaintiffs now refuse to agree to paragraph no. 11, which (1) is an accurate reflection of Jennifer Lind's deposition testimony, (2) is material and relevant to this case, and (3) would be elicited from Ms.

Lind on the stand if she is permitted to testify. *See* Excerpts from Dep. Tr. of Jennifer Lind, *attached as* Ex. D, at 16:14-18 ("Q. And what did he say about the result of the test riding? A. He said there was nothing wrong with the bike. He didn't think there was anything wrong with the bike.").

12. Without an agreement stipulating to Ms. Lind's testimony, the possibility that the Court would permit her to testify leaves open the possibility that Plaintiffs may call Mike Malouf Jr. as a rebuttal witness.

### LAW AND ARGUMENT

13. Mississippi's Rules of Professional Conduct[3] preclude a lawyer from being a witness in a trial for his own client, unless exceptional circumstances permit the testimony:

> a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
>   1. the testimony relates to an uncontested issue;
>
>   2. the testimony relates to the nature and value of legal services rendered in the case; or
>
>   3. disqualification of the lawyer would work substantial hardship on the client.

Miss. R. Prof'l Conduct 3.7(a).

14. None of the exceptions to paragraph (a) apply here: the testimony concerns a contested issue; it does not relate to the nature or value of counsel's legal services; and Mike Malouf Jr.'s disqualification would not work a substantial hardship on Plaintiffs because they have two other lawyers representing them in this case. *See, e.g.*, *U.S. Fidelity & Guar. Co. v. Peoples Bank, Biloxi, Miss.*, 1:08cv242 HTW-LRA, 2012 WL 1099762, at *14 (S.D. Miss. Apr.

---

[3] This Court has adopted the Mississippi Rules of Professional Conduct. *See* L.U. Civ. R. 83.5.

2, 2012) (Wingate, J.) (finding disqualification would not work hardship where attorney was one of five representing the party).

15. Further, whether called in SMC's case in chief or as a rebuttal to Jennifer Lind's testimony, SMC intends to invoke the Rule at the commencement of trial, which precludes Mike Malouf Jr. from being in the courtroom if he is going to testify. *See* Fed. R. Evid. 615 ("At a party's request, the court must order witnesses excluded so that they cannot hear the other witnesses' testimony." (emphasis added)).

16. The exceptions to the Rule do not apply either. The only available section for interpretation is subsection (c) regarding a person's presence being "essential," but because Plaintiffs have two other lawyers representing them who will be present throughout trial, Mike Malouf Jr. cannot be considered "essential" over SMC's right to have witnesses excluded from the courtroom. The nature of the testimony Mike Malouf Jr. would offer warrants this result.

17. SMC maintains that the attached stipulation is a fair resolution of the problem created by Plaintiffs' own counsel when they decided to engage in secret testing and violate SMC's right to have relevant evidence preserved. The problem was compounded by the fact that Plaintiffs' counsel concealed this activity for over two years, and secret test rider Preston Lind had passed away by the time SMC knew of his identity. Accordingly, Preston Lind could not be deposed, and the evidence could not be presented to the jury in a normal way.

18. Plaintiffs should not be able to benefit from – and SMC should not be prejudiced by – Plaintiffs' improper conduct in this regard. If the stipulation as drafted is read to the jury and Mike Malouf Jr. cannot be called as a rebuttal witness to Jennifer Lind, this motion is moot. But if it is not, then SMC may be forced to call Mike Malouf Jr. as a witness in this case, and he cannot serve in the dual role of witness and lawyer. *See, e.g.*, *Liberty Mut. Ins. Co. v. Tedford*,

644 F. Supp. 2d 753, 767 (N.D. Miss. Feb. 9, 2009) (disqualifying lawyer because the lawyer's "testimony is relevant and necessary to Franklin's knowledge of its *Moeller* rights, the reasonableness of Franklin's reliance on Liberty Mutual's representations or omissions, and any prejudice to Franklin on the basis of those representations or omissions").

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, SMC respectfully requests that this Court grant SMC's Motion and enter an order disqualifying Mike Malouf Jr. as a lawyer in this case. Alternatively, SMC requests that this Court (1) order the facts set forth in the attached stipulation as stipulated, (2) read the stipulated facts to the jury, and (3) enter an order precluding either party from calling Mike Malouf Jr. as a witness in any capacity. SMC requests all other and further relief which the Court may deem appropriate.

This the 31st day of October, 2018.

        Respectfully submitted,

        SUZUKI MOTOR CORPORATION

        By: *s/ Kathleen Ingram Carrington*
        Robert A. Miller (MB # 3305)
        William P. Thomas (MB # 102209)
        Kathleen Ingram Carrington (MB # 104220)
        Jeffrey J. Mortier (admitted *pro hac vice*)
        Randall R. Riggs (admitted *pro hac vice*)

        ITS ATTORNEYS

OF COUNSEL:

Robert A. Miller (MB # 3305)
William P. Thomas (MB # 102209)
Kathleen Ingram Carrington (MB # 104220)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi  39157
Post Office Box 6010 (39158)
Tel:  601-948-5711
Fax:  601-985-4500
bobby.miller@butlersnow.com
will.thomas@butlersnow.com
kat.carrington@butlersnow.com

Jeffrey J. Mortier (admitted *pro hac vice*)
Randall R. Riggs (admitted *pro hac vice*)
Frost Brown Todd LLC
201 North Illinois Street, Suite 1900
Indianapolis, Indiana 46204-4236
Tel:  317-237-3866
Fax:  317-237-3900
jmortier@fbtlaw.com
rriggs@fbtlaw.com

## CERTIFICATE OF SERVICE

I certify that I have this day caused to be served a true and correct copy of the above and foregoing document by electronically filing the same with the Court's ECF system, which sent notice of such filing to all counsel of record.

SO CERTIFIED, this the 31st day of October, 2018.

*s/ Kathleen Ingram Carrington*
KATHLEEN INGRAM CARRINGTON

44815059.v1