IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRADLEY AND KRISTAN STUBBLEFIELD,                    PLAINTIFFS
husband and wife

VS.                                          CIVIL ACTION NO. 3:15cv18HTW-LBA

SUZUKI MOTOR CORPORATION,                            DEFENDANTS
a foreign corporation;
NISSIN KOGYO CO., LTD
a limited liability company

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S EMERGECNY MOTION TO DISQUALIFY MIKE MALOUF, JR. (DOC. 350)

COME NOW Plaintiffs Bradley Stubblefield and Kristan Stubblefield and file this Response in Opposition to Defendant's Emergency Motion to Disqualify Mike Malouf, Jr. (Doc. 350) and show the court the following:

### INTRODUCTION

The lengths to which Defendant Suzuki Motor Corporation ("SMC") will go to tilt the scales of justice in its favor know no limits. While professing utter disdain at the prospect of having to call Mike Malouf, Jr. (Malouf, Jr.) as witness, SMC, not the plaintiffs, have listed him a "may call" witness. While the parties have attempted to negotiate a stipulation of facts which would obviate the need for SMC to call Malouf, Jr. as a witness, SMC is only willing to consider a version of "half-truths" that fit facts favorable to the defense, rather than the "whole-truth" which contains facts that are both favorable and unfavorable to *both* sides. Moreover, in an attempt to avoid the possible testimony of

Jennifer Lind, which is clearly hearsay,[1] SMC insists that Plaintiffs waive both their hearsay objections to Ms. Lind's testimony, and their right to either cross examine Ms. Lind or present rebuttal testimony. When the plaintiffs propose a fair stipulation without waiving objections to Ms. Lind's proffered testimony, SMC files the instant motion to disqualify lead counsel two business days before the trial is set to start. For the reasons set forth herein, SMC's motion is without merit and due to be summarily denied.

### ADDITIONAL FACTS NECESSARY TO PROPERLY CONSIDER SMC'S MOTION

1. SMC's version of the facts grossly distorts Malouf Jr.'s testimony as a whole, which is used to bolster its argument that Paragraph 6 of its proposed stipulation is complete and accurate.

2. Paragraph 6 of the proposed stipulation does not accurately reflect Malouf Jr.'s testimony. The relevant portions of his testimony are quoted below:

Q: So what do you recall happening out there that day as far as what you observed Mr. Lind do?

A: I recall him making several loops. I recall asking him if he felt like the brake was responsive, as he's familiar with his bikes. He said no. I said, "Can we quantify that? Is there any way we can decide? Do we -- can we quantify it?" We had no instrumentation out there. And he said, "Well, I'll try to" -- there were lines out there. He was going to try to start applying the brake at one line and see how far it would go. He was not able -- he was not capable of stopping when the line came up. And so that's all I recall. I was sitting there. He could not do that. I said, "Well, look, we need – we need something. We need

---

[1] In Doc. 319, the Court recognized that Ms. Lind's proposed testimony was hearsay, but noted that the residual exception *may* apply: "Accordingly, this court recognizes that the residual exception may apply, and, if so, and defendants may call Jennifer Lind as a witness. Still, before this court announces its final decision on this point, this court wants to hear from Jennifer Lind and how, when, where, and before whom, this alleged conversation occurred. Further, this court wants to know what remuneration, if any, her son received from plaintiffs, or was owed by plaintiffs at the time of his death. This inquiry is to proceed out of the presence of the jury before she is to testify." Doc. 319 at p. 4.

>    instrumentation or something to try to record this." We certainly didn't have anything. So we stopped doing everything. We weren't able to get any relevant information out of it other than a general opinion, which we already had, that the brakes were not being responsive.

Malouf, Jr. Depo p.34/8 – 35/4.[2]

>    Q:   How do you know whether or not the front brake engaged or not?
>
>    A:   That was just my observation of whether or not it locked up.
>
>    Q:   So were you looking for the wheel to lock up?
>
>    A:   I was.

Malouf, Jr. Depo p.37/15- 21.

3.   Perhaps most telling about the lengths to which SMC seeks to distort the truth in this case is the selective quoting from Malouf, Jr.'s testimony on page 38[3] of his depo. Below is the quoted portion, followed by the next question and answer which were omitted in ***bold italics***.

>    Q:   So when you say that the front brake engaged on this last final lap at speeds 28 to 30, then the front -- you say the front brake engaged, so the front wheel was locked?
>
>    A:   Yes.
>
>    Q:   You observed it locked?
>
>    A:   Yes.
>
>    ***Q    And it skidded?***
>
>    ***A:   I don't know that it skidded but it – it came -- it had more force than anything else.  But no, did I -- I did not observe it skidding.  I do I believe it came very close to locking up, as Mr. Hoover will say.  Now, whether or not it's – I did not observe it skidding or locking up***

---

[2] The entire transcript of Malouf Jr.'s deposition is attached hereto as **Exhibit A**.
[3] To SMC's credit, it did attach page 38 to its Motion in its entirely

> *like I would any other lockup, but, yes, it -- it came very close of not locking up.*

Malouf, Jr. depo., p. 38/2-17.

> Q    When you say the front wheel you observed lock up, how long was it locked up? What was the duration in seconds or distance?
>
> A:    It was not a second. It was no distance. I mean, it was -- it would come to a slow stop. It
>
> Q:    Okay.
>
> A:    The -- the bike, as I observed that one time, he did not -- the -- of course, I can't see his hand movement, but he was not going full speed and it locked up and it took several seconds and it drug. That did not happen. What happened was he was going, it came to a very slow stop, and then seconds before the bike came to a complete stop, the wheels locked at that point. So –
>
> Q    The front wheel?
>
> A:    The front wheel stopped.
>
> Q:    Okay.
>
> A:    But it was at the end of a rolling stop.  It was not a lockup as you would observe on a car or anything else like that.

Malouf, Jr. depo p.39/19 – 40/14.

    4.    An honest reading of Malouf Jr.'s testimony is that the front brake did not work properly during the testing, and to the extent it may have "locked", that occurred at low speed a moment or two before the motorcycle came to a stop.

## ARGUMENT AND CITATION OF AUTHORITY

    A.  <u>Disqualification is Not Warranted</u>

The overarching principle for courts in deciding whether to disqualify a lawyer who may be a witness is whether the testimony would be prejudicial to the lawyer's client. Mississippi Rule of Professional Conduct 3.7(a) provides:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

As such,

> The rationale of the rule rests on the premise that there exists a conflict of interest when an advocate is asked to be a witness. The rule disqualifies a lawyer where there is a likelihood that the lawyer will be a necessary witness. This rule then is not an immunity from testifying by the advocate witness, but it is a limitation on advocacy.

*Pearson v. Parsons*, 541 So.2d 447, 451-52 (Miss. 1989).

Interpreting Rule 3.7, the Mississippi Bar reasons that "[a] lawyer representing a client in pending litigation may continue the representation after he learns or it is obvious that he … may be called as a witness on behalf of the adverse party unless it is apparent that the testimony is or may be prejudicial to the client." *Ethics Opinion Number 122 of the Mississippi Bar*, Rendered Sept. 5, 1986, Amended April 6, 2013.[4] This is consistent with the Fifth Circuit's interpretation of Model Rule 3.7.  *See*, *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001) ("[I]f a lawyer discovers during litigation that he 'may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony would prejudice his client.'") (quoting *Model Rules of Professional Conduct* 3.7(c)). "'Testimony is considered prejudicial under this Rule if it is so adverse to the client's side that the bar or the client might have an interest in discrediting the testimony,' and the movant has the burden of establishing prejudice with specificity." *Id*. at 267 (quoting *Smith v. New Orleans Fed. Sav. & Loan Ass'n*, 474 F.Supp.

---

[4] *Ethics Opinion Number 122* is attached hereto as **Exhibit B** and incorporated herein by express reference.

742, 749-50 (E.D. La. 1979)).  Moreover, "[i]n the rare case where the attorney's testimony is needed to protect the client's interest, not only may the attorney testify—justice requires that he do so." *Pearson v. Parsons*, 541 So.2d 447 (Miss. 1989) (superseded by statute on other grounds as recognized by *McDaniel v. Cochran*, 158 So.3d 992 (Miss. 2014)).

"'Disqualification cases are governed by state and national ethical standards adopted by the court.'" *Liberty Mut. Ins. Co. v. Tedford*, 644 F.Supp.2d 753, 766 (N.D. Miss. 2009) (quoting *Fed. Deposit Ins. Co. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995)).  "'[M]otions to disqualify are substantive motions which are decided under federal law.'" *Id*. (quoting *FDIC*, 50 F.3d at 1312).  "'All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights.'" *Id*. (quoting *FDIC*, 50 F.3d at 1314).  "The party seeking the disqualification of an attorney bears the burden of proving that disqualification is warranted." *Abney v. Wal-Mart*, 984 F. Supp. 526, 528 (E.D. Tex. 1997) (citing *Islander East Rental Program v. Ferguson*, 917 F.Supp. 504, 508 (S.D.Tex. 1996). "'Disqualification is a severe remedy [and] courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic.'"  *Id*. (quoting *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990)).

SMC fails to articulate a legitimate basis for disqualification.  Although SMC identifies Malouf, Jr. as a "may call" witness, its Motion is premised on "the possibility that Plaintiffs may call Mike Malouf Jr. as a rebuttal witness." Doc. 350 at p.5.  As such, Malouf, Jr. cannot be disqualified solely on the basis that he *may* be called to testify on

behalf of *his* clients. *Horaist*, 255 F.3d at 266. Importantly, Plaintiffs would not consider calling call Malouf, Jr. as a rebuttal witness if they thought his testimony would be adverse or prejudicial to their interests. *Id*. at 267. There is, therefore, no risk that Plaintiffs would seek to discredit Malouf, Jr.'s testimony if he is called on their behalf. *Id*. Rather, Plaintiff will only call Malouf, Jr. if necessary to advance their interests.

"Waiver of a motion for disqualification of counsel is proper where the delay in moving for a disqualification is for an extended period of time, or where it is done on the eve of trial." *Id*. at 530 (citing *Trust Corp. of Montana v. Piper Aircraft Corp.*, 701 F.2d 85, 87-88 (9th Cir. 1983)(finding waiver where disqualification not raised for more than two and a half years after notice of representation, and raised on the eve of trial)); *see also*, *Central Milk Producers Co-op. v. Sentry Food Stores, Inc.*, 573 F.2d 988, 992 (8th Cir. 1978)(waiver found where disqualification motion brought more than two years after notice of representation); *Employers Ins. of Wausau v. Albert D. Seeno Constr. Co.*, 692 F.Supp. 1150, 1165-66 (N.D. Cal. 1988) (waiver where disqualification motion not made until well over a year after the moving party became aware of conflict). Here, **both** factor warrant denial of SMC's motion. On October 5, 2016, SMC filed a Motion to Compel asking this Court to order Malouf, Jr. to sit for a deposition. Doc. 85. This Motion was granted on February 28, 2017 and SMC took Malouf, Jr.'s deposition on September 11, 2017. As such, SMC has known for over two years that Malouf, Jr. could be called as a witness at trial. SMC, however, waited until the eve of trial before seeking his disqualification. Because SMC waited for an extended period of time before filing the instant Motion, it has waived any objection to Malouf, Jr. representing Plaintiffs at trial.

B. <u>Rule 615 Does Not Authorize Sequestration of Malouf Jr.</u>

Fed. R. Evid. 615 provides:

At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:

**(a)** a party who is a natural person;

**(b)** an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;

**(c)** a person whose presence a party shows to be essential to presenting the party's claim or defense; or

**(d)** a person authorized by statute to be present.

SMC argues that the exception provided by paragraph (c) does not apply because Plaintiffs have two other lawyers. That is incorrect.

Mike Malouf, Jr. is lead counsel in this case and has the client relationship with the plaintiffs. Neither Mike Malouf Sr. nor Randy Edwards have met with the plaintiffs, their medical providers or other fact witnesses. Malouf Jr. has attended all depositions taken by SMC, whereas Malouf Sr. and Edwards have only attended one each. Edwards has taken one deposition in this case, Josh Knepper, an OSI witness which the court has excluded. Malouf Sr. has taken none. Edwards has experience with Jeff Hyatt on direct examination and SMC's experts Todd Hoover and Kevin Breen on cross examination in the Johns trial in Georgia in February. While Edwards and Malouf Sr. may take an extra witness or two each in the trial of this case, their prior experience reflects the likely division of labor in the trial of this case. It would be impossible to present the trial of this case if Malouf Jr. was sequestered.

**CONCLUSION**

WHEREFORE Plaintiffs pray upon this Court for an order denying Defendant Suzuki Motor Corp.'s Motion to Disqualify Mike Malouf, Jr. from representing them during the trial of this matter.

This 2nd day of November, 2018.

              BRADLEY AND KRISTAN STUBBLEFIELD

             By: /s/ Michael J. Malouf
               Attorney for Plaintiffs

MICHAEL J. MALOUF, SR., ESQ.
MSB NO. 1843
MALOUF & MALOUF, PLLC
501 E. Capitol St.
Jackson, MS 39201
(601) 948-4320

## CERTIFICATE OF SERVICE

I, Michael J. Malouf, attorney for Plaintiffs, do hereby certify that I have this day filed with the clerk of court, via the ECF system, a true and correct copy of the above and foregoing ***PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S EMERGECNY MOTION TO DISQUALIFY MIKE MALOUF, JR. (DOC. 350)***, which sent electronic notification of such filing to all counsel of record.

DATED this the 2nd day of November, 2018.

/s/ Michael J. Malouf
Michael J. Malouf