# Exhibit B

ETHICS OPINION NUMBER 122
OF THE MISSISSIPPI BAR
RENDERED SEPTEMBER 5, 1986
AMENDED APRIL 6, 2013

**LAWYER AS WITNESS** - A lawyer representing a client in pending litigation may continue the representation after he learns or it is obvious that he or a lawyer in his firm may be called as a witness on behalf of the adverse party unless it is apparent that the testimony is or may be prejudicial to the client.

The Ethics Committee of The Mississippi Bar has been asked to render its opinion on the following situation:

> Lawyer A represents a divorced woman and has filed on her behalf a Petition for Citation for Contempt and Modification of Former Decree in the court of appropriate jurisdiction. The client's ex-husband and natural father of their two children, of whom Lawyer A's client has custody, filed a cross-petition for custody. On the day set for trial of the petition and cross-petition, Lawyer A was subpoenaed as a witness for the ex-husband. The lawyer for the ex-husband explained to the trial judge that the ex-husband believed that Lawyer A was having an affair with his client. Lawyer A denies this allegation. Lawyer A and his client are close personal friends but are not having an illicit affair. At an in chambers conference, the judge requested that Lawyer A consider withdrawing from the case in view of his personal relationship with his client. However, the judge did not order Lawyer A to withdraw and continued the hearing. Lawyer A's client desires to retain Lawyer A as her attorney.

Based on these facts, Lawyer A requests an ethics opinion addressing two questions. (1) May Lawyer A ethically continue representation of his client? (2) Did the opposing attorney breach any ethical duty in issuing or aiding in the issuance of a subpoena for Lawyer A?

Because he is already employed in pending litigation and it is the opponent who may call him as a witness, Lawyer A's ethical dilemma is governed by Rule 3.7(a) of Mississippi Rules of Professional Conduct (MRPC) which states in full:

**Ex. B-1**

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

On these facts, Lawyer A may continue the representation until it is apparent that his testimony is or may be prejudicial to his client. The Committee is not empowered to investigate whether this proposed testimony would be prejudicial to the client. The Committee must accept as true Lawyer A's statement that the allegation that he has had or is having an affair with his client is untrue. Taking that statement as true, the Committee does not believe it is apparent that Lawyer A's testimony is or prejudicial to his client. Accordingly, the Committee is of the opinion that Lawyer A may continue the representation until it does become apparent that his testimony is or may be prejudicial to his client. See generally ABA Formal Opinion No. 339 (Jan. 31, 1975); State Bar of Wisconsin Opinion No. E-82-3 (Aug. 1982) (in action by city against former city employee where adverse attorney calls city attorney to testify, city attorney may continue representation of city unless it becomes apparent that his testimony will be prejudicial to the city). The Committee notes that if Lawyer A has any doubts about whether his testimony is or may be prejudicial to his client, such doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate.

The Committee may not render an opinion as to the second question concerning the ethical propriety of the conduct of the lawyer representing the adverse party. The by-laws of the Mississippi State Bar provide that the Committee may render an opinion on the past conduct of a lawyer only at the request of the Committee on Professional Responsibility. Since this request is not from the Committee on Professional Responsibility, this Committee may not render an opinion on the second question.

# ETHICS OPINION NUMBER 164
# OF THE MISSISSIPPI BAR
# RENDERED JUNE 23, 1989
# AMENDED APRIL 6, 2013

**CONFLICT OF INTEREST – CLIENT CONFIDENCES – LAWYER AS WITNESS**- An attorney who received a forty percent mineral interest in certain oil wells as a result of a contingent fee arrangement whereby the attorney agreed to represent the owners in a suit to confirm title to the interest may represent the present owners of the mineral interest, including himself, in a subsequent suit to enforce the prior judgment even though the attorney is likely to be a necessary witness provided that disqualification of the lawyer would work substantial hardship on the client.

The Ethics Committee of The Mississippi Bar has been asked to render an Opinion on the following facts:

> A lawyer represented the owners of a mineral interest in oil wells in an action to confirm the plaintiff's title to the interest. After successfully pursuing the action to the Mississippi Supreme Court, the lawyer received a forty percent mineral interest in the wells pursuant to the contingent fee arrangement between the lawyer and his clients. Subsequently, when the defendant refused to pay the amount due to plaintiffs, the lawyer filed suit to enforce the judgment on behalf of the present owners of the mineral interest, including himself. Defendant thereafter filed a Motion to Disqualify the attorney on the grounds that he is a plaintiff in the action and will likely be a witness. The lawyer contends that disqualification would work substantial hardship on his clients.

The lawyer requests an ethics opinion regarding his representation of himself and his clients in the suit to enforce judgment.

Accepting as true the attorney's assertion that disqualification would work substantial hardship on his clients, the lawyers' continued representation of himself and the other owners of the mineral interest constitutes no ethical violation provided that, in the course of testifying, he observes the dictates of Rules 1.6, 1.7, and 1.9 of the Mississippi Rules of Professional Conduct regarding client confidences and conflicts of interest.

**Ex. B-3**

Rule 3.7 of the Mississippi Rules of Professional Conduct governs the circumstances under which a lawyer may act as an advocate at a trial in which the lawyer is likely to be called to testify. Subsection (a)(3) provides that an attorney "shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where ... disqualification of the lawyer would work substantial hardship on the client." The Comment accompanying Rule 3.7 advises that, in determining whether the lawyer should be disqualified, "due regard must be given to the effect of disqualification on the lawyer's client." Rule 3.7(b) cautions that a lawyer may not testify if precluded from doing so by Rule 1.7 or Rule 1.9, regarding conflicts of interest. Throughout, the lawyer must take care to preserve the confidences of the client as required by Rule 1.6.

Mississippi Bar Ethics opinion No. 122, instructs that a lawyer representing a client in pending litigation may continue the representation after he learns that he may be called as a witness until it is apparent that the testimony is or may be prejudicial to the client. In that opinion, the Committee found that a lawyer representing a divorced woman in a proceeding to modify a divorce decree could continue representation, despite his being subpoenaed by the defendant's lawyer to testify as to his relationship with his client, until such time as it became apparent that his testimony might be prejudicial to his client. Similarly instructive is Rule 3.7 of the American Bar Association Model Rules of Professional Conduct which provides that an attorney may act as both advocate and witness under the exact circumstances outlined in the Rules of Professional Conduct.

On the facts presented, the lawyer's continued representation of himself and his clients in the subsequent suit to enforce the prior judgment presents no ethical violation provided that the factual circumstances of potential substantial hardship on the client in the event of disqualification is met. The Committee reminds the attorney that in acting as an advocate and witness, a lawyer must preserve the confidences of his client and avoid conflicts of interest as outlined in Rules 1.6, 1.7, and 1.9 of the Mississippi Rules of Professional Conduct.

## ETHICS OPINION NUMBER 195
## OF THE MISSISSIPPI BAR
## RENDERED DECEMBER 6, 1991
## AMENDED APRIL 6, 2013

**LAWYER AS WITNESS** - A lawyer who drafted a will for a long-time client and subsequently represents the Executrix may continue as attorney in a will contest, where he may be a witness, when there is no substantial conflict in the Attorney and client's testimony and the Attorney's withdrawal would work a substantial hardship to the client.

The Ethics Committee of The Mississippi Bar has been requested to render an opinion on the following facts:

> Attorney A has represented a Testator previously in a contested divorce and in other related matters throughout the two years immediately preceding his preparing the Testator's Will. Immediately after the Testator's death, Attorney A began estate proceedings on behalf of the Executrix, the sister and sole beneficiary of the Testator. Testator's son has contested the Will on various grounds, and Attorney A conferred with the Executrix and they determined that there was no substantial conflict between the Attorney's testimony and that of the Executrix-client. However, Attorney B, who is the partner of Attorney A, assumed representation of Executrix in the Will contest, and Attorney A only represented Executrix in matters involving administration of the estate not related to the Will contest. The question presented is whether Attorney A may continue to represent the Executrix in the Will contest, and also whether Attorney B would be able to ethically represent the Executrix in the matter.

Opinion No. 122 of The Mississippi Bar rendered September 5, 1986, answered a similar question as the one presented here by stating that a lawyer representing a client in pending litigation could continue representation if he learned that it was obvious that he or a lawyer in his firm would be called as a witness unless it was apparent that the testimony is or may be prejudicial to the client. The question presented here would fall under Rule 3.7 of the Mississippi Rules of Professional Conduct which provides as follows:

**Ex. B-5**

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of the legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 and Rule 1.9.

Rule 3.7 recognizes that combining the roles of advocate and witness present the possibility of two problems: prejudice to the opposing party and conflict of interest between the lawyer and client. The Comment to Rule 3.7 indicates that Paragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the opposing party, and that whether the opposing party is like to suffer prejudice would depend upon various factors and the facts in each situation; and even if there is a risk of prejudice, the Attorney should look at the effect of his disqualification upon his client. The Comment further states that if there is no substantial conflict between the testimony of the client and that of the lawyer, that the continued representation would be proper.

Accordingly, based upon the facts presented, the Committee is of the opinion that, under Rule 3.7 and its Comment, there would be no ethical prohibition for Lawyer B to continue to represent the Executrix in the Will contest. Furthermore, Lawyer A had been the long-time Attorney for the deceased, and there is no conflict between Attorney A's testimony and that of the client. Lawyer A may continue active representation if his withdrawal will work substantial hardship to the client.

**Ex. B-6**